# SHERMAN BILLINGS v. STATE.

No. A-2769.  Opinion Filed August 4, 1917.

(166 Pac. 904.)

1.  **WEAPONS—Deadly Weapon—Pointing at Another—Information.** An information for pointing a deadly weapon at another which alleges: "The said Sherman Billings did then and there unlawfully; willfully, and feloniously point a weapon, to-wit, a Winchester rifle, at one J. L. Burns, contrary to the form of the statute," etc., is sufficient. A Winchester rifle is a deadly weapon **per se.**

2. **SAME—Evidence.** Evidence examined, and **held** sufficient to sustain a judgment of conviction for pointing a deadly weapon at another person.

3. **SAME—Defenses—Unlawful Search.** If an attempted search be unlawful, the party whose property is sought to be searched may use such reasonable force, proportioned to the injury attempted upon his property, as is necessary to prevent an unlawful trespass, but no more; and he cannot do this by using, or offering to use, a deadly weapon, if he has no reason to apprehend a greater injury to his property than a mere unlawful search thereof.

4. **TRIAL—Instructions—Refusal.** Where the instructions of the court are as favorable to the defendant as his own testimony would warrant and substantially cover the law of the case, it is not error to refuse the giving of other instructions which are cumulative.

*Appeal from County Court, Choctaw County;*
*W. T. Glenn, Judge.*

Sherman Billings was convicted of pointing a deadly weapon at another, and appeals. Judgment affirmed.

*Richardson & Warren,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

MATSON, J. This plaintiff in error was convicted in the county court of Choctaw county for the crime of pointing a deadly weapon at one J. L. Burns, a deputy sheriff of that county, and his punishment was fixed at a fine of $50 and imprisonment in the county jail for a period of six months.

Counsel contend that the information does not contain facts sufficient to charge an offense against this plaintiff in error. Omitting the formal part of the information, it alleges:

"The said Sherman Billings did then and there unlawfully, willfully, and feloniously point a weapon, to wit, a

Winchester rifle, at one J. L. Burns, contrary to the form of the statute," etc.

Section 2553, Rev. Laws 1910, provides:

"It shall be unlawful for any person to point any pistol or any other deadly weapon whether loaded or not, at any other person or persons, either in anger or otherwise."

Section 2554, *Id.*, fixes the punishment for said offense at a fine of not less than $50 nor more than $500 and by imprisonment in the county jail for a period of not less than three nor more than 12 months.

The specific ground urged against this information is that it does not allege that the weapon pointed was a deadly weapon; it not being alleged that the defendant pointed a pistol at the prosecuting witness. We fail to see any merit in this contention. The information alleges facts sufficient to give a person of ordinary understanding to know and be informed of the charge against him. The purpose of the statute was to prevent the pointing at another of any kind of a firearm which, if discharged at said other person within the range of said weapon, would likely produce death. This information charges the pointing of a Winchester rifle. It is within the common knowledge of every person that a Winchester rifle is one of the most deadly of firearms, more deadly than a pistol, because of its longer range and the accuracy with which it may be fired. The information, therefore, having alleged that the weapon pointed was a Winchester rifle, it clearly appeared from the allegation that the same was a deadly weapon.

It is also contended that there is no proof in the record to show that the defendant pointed the weapon at the prosecuting witness. In testifying the prosecuting witness stated that the defendant "threw his gun on me,"

after stating that the defendant had a Winchester rifle. The defendant took the witness stand in his own behalf and testified: "I throwed my gun on him." The foregoing expression is the one ordinarily used in this state among officers and others to express the pointing of a weapon at another. The prosecuting witness so understood it, and the defendant used a like expression. The jury was not misled by its use. The contention that the use of this expression was insufficient to convey the meaning to the jury that the defendant had pointed the Winchester rifle at the prosecuting witness is too technical for serious consideration.

It is also contended that the court erred in overruling the request of the defendant for a peremptory instruction of "not guilty." The record discloses that when the defendant pointed this gun the prosecuting witness was endeavoring to search the buggy of the defendant for the purpose of discovering whether or not the said defendant had at that time in his possession intoxicating liquors with intent to violate the laws of this state. The prosecuting witness was not armed with a search warrant.

Counsel contend that the prosecuting witness was searching the property of this defendant in violation of the Constitution of this state against unreasonable searches and seizure, and in this connection it is contended that the defendant was authorized under the circumstances of this case to use a deadly weapon to prevent such trespass. It is claimed that the prosecuting witness was armed with a pistol and was attempting to use such force in order to carry out his unlawful trespass. Section 2342, Rev. Laws 1910, among other things, provides:

"The use or attempt to use force or violence upon or towards the person of another is not unlawful in the fol-

lowing cases, * * * when committed either by the party about to be injured, * * * in preventing or attempting to prevent an offense against his person, or any trespass or other unlawful interference with real or personal property in his lawful possession, provided the force or violence used is not more than sufficient to prevent such offense."

This contention of counsel for the defendant is not supported by the evidence. This court cannot take a more favorable view of what occurred at the time this weapon was pointed than that disclosed by the defendant's own testimony. In detailing the circumstances under which he pointed this weapon the defendant testified:

"Because the road was boggy, so he turned around and rode back nearly a mile with me—I judge about a mile from where he met me to my house—and so we drove on up and I had Mr. Cox and Mr. Saddiewhite putting up sorghum hay there, and so I came on up and Mr. Burns drove up with me. I pulled out my watch and said: 'Well, it is nearly 11 o'clock, and you had just as well get down and eat dinner with us.' I said, 'It may be "sorter" rough grub, but you are welcome to come in and eat.' And so Mr. Burns sat there a little bit, and when I got out of the buggy, Mr. Burns says, 'I am going to have to see what you have got in that buggy,' and I said, 'No, you are not going to search that buggy,' and when he started to search the buggy I throwed my gun on him and told him he wasn't going to do it. So he said, 'What do you want me to do?' and I said, 'Well, you got in here; you can get out, can't you?'"

It is nowhere contended by the defendant that he pointed this gun at the prosecuting witness because the prosecuting witness was attempting by the use of force (in that he had drawn a pistol) to accomplish an unlawful search of his property, but the defendant only contends

that, after the prosecuting witness had announced his intention to search his buggy and had started to search the buggy, he threw his gun on him and told him that he could not search it. The testimony of the defendant does not place him within the provisions of the statute above quoted, permitting the use of force to prevent an unlawful trespass upon his property. At the time the defendant pointed the rifle at the prosecuting witness, he had no reason to apprehend, according to his own testimony, a greater injury to his property than an unlawful search thereof. The use of a deadly weapon under the circumstances, as detailed by him, was unnecessary; and, while the testimony of the prosecuting witness shows that he had a pistol, it nowhere appears that he used, or attempted to use, the same for the purpose of forcing the defendant to submit to a search of his buggy. In the case of *State v. Gum,* 68 W. Va. 105, 69 S. E. 463, 33 L. R. A. (N. S.) 150, where an unlawful arrest was attempted by an officer, it was held:

"If an attempted arrest be unlawful, the party sought to be arrested may use such reasonable force, proportioned to the injury attempted upon him, as is necessary to effect his escape, but no more; and he cannot do this by using, or offering to use, a deadly weapon, if he has not reason to apprehend a greater injury than a mere unlawful arrest."

The doctrine announced in that case is established by other authorities, and is applicable to this.

We find no error in the refusal of the court to advise the jury to return a verdict of not guilty.

It is also contended that the court erred in refusing to give certain requested instructions relative to the right of this defendant to use force in resisting an unlawful search of his property. We have examined the record in this respect and find that the court gave two of the instructions

requested by the defendant, and other instructions covering the law of this case were given upon the court's own motion. While the instructions in some respects are inartistically drawn, they were as favorable to the defendant as his own testimony would warrant.

After a careful examination of the record, it is the opinion of this court that the judgment of the county court of Choctaw county should be affirmed; and it is so ordered.

DOYLE, P. J., and ARMSTRONG, J., concur.