## T. J. GOLDEN v. STATE.

No. A-7604.  Opinion Filed Aug. 29, 1930.
Rehearing Denied Sept. 20, 1930.
(290 Pac. 1111.)

R. S. Howe, for plaintiff in error.

The Attorney General and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.    T. J. Golden, hereinafter referred to as defendant, was convicted in the county court of Choctaw county of the crime of pointing a deadly weapon at another, and was sentenced to pay a fine of $50 and to serve a term of three months in the county jail, which is the minimum sentence under the statute.

The defendant first contends that the evidence is insufficient to support the verdict of the jury.  Defendant argues in his brief that there is no evidence showing that the defendant pointed a rifle at the complaining witness, but that the evidence shows that before defendant could point the rifle his wife grabbed it and the team ran away, thus preventing the commission of the crime.

Defendant overlooks the testimony of Joe Gladden, the complaining witness, Mrs. Joe Gladden, and Helen Gladden, who testify positively that the defendant pointed the rifle at Joe Gladden, and that the wife of defendant grabbed the rifle after defendant had pointed it, and that it was during the scuffle between defendant and his wife over possession of the rifle that the team ran away.

There was a sharp conflict in the evidence; the witnesses for the state testifying positively to the pointing of the rifle, and the witnesses for the defendant testifying that the rifle was not pointed. The jury settled this conflict in favor of the state. There is ample evidence in the record to support the verdict.

Defendant next contends that the court erred in overruling his demurrer to the information, the charging part of which reads as follows:

"That he, the said T. J. Golden, did then and there wilfully, wrongfully, unlawfully point a firearm to-wit: a rifle, at one Joe Gladden contrary to the form of the statutes in such case made and provided, and against the peace and dignity of the state."

This information was duly approved by the county attorney and verified by Joe Gladden, the complaining witness.

In the case of Sherman Billings v. State, 14 Okla. Cr. 12, 166 Pac. 904, this court said:

"An information for pointing a deadly weapon at another which alleges: 'The said Sherman Billings did then and there unlawfully, willfully, and feloniously point a weapon, to wit, a Winchester rifle, at one J. L. Burns, contrary to the form of the statute,' etc., is sufficient. A Winchester rifle is a deadly weapon per se."

The only difference in the information in the Billings Case and the information in the case at bar is that in the Billings Case the rifle was alleged to be a "Winchester" rifle. In the case at bar it is alleged that the defendant pointed "a firearm, to wit, a rifle," at the prosecuting witness. Any firearm in the nature of a rifle is per se a deadly weapon. A rifle is more deadly than a pistol because of its longer range and the accuracy with which it may be fired. The contention that the trial court erred in overruling the demurrer to the information is without merit.

Defendant complains of other errors, but they are all without substantial merit.

The jury fixed the defendant's punishment at the minimum provided by law. There being no substantial error in the record, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.