Robert Lee PRICE, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–74–668.

Court of Criminal Appeals of Oklahoma.

Feb. 26, 1975.

David Van Horn, Pryor, for appellant.

Larry Derryberry, Atty. Gen., Bill James, Asst. Atty. Gen., for appellee.

OPINION

BLISS, Judge:

Appellant, Robert Lee Price, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Mayes County, Oklahoma, for the offense of Carrying a Concealable Restricted Firearm, 21 O.S.1971, § 1283. His punishment was fixed at five (5) years' imprisonment. From said judgment and sentence he has perfected his timely appeal to this Court.

The instant case is unique in that no testimonial evidence was introduced at the trial. The sole evidence considered by the jury was adduced from a stipulation by the State and defense counsel. The stipulation of counsel is reproduced at page 6 of the transcript of trial and reads as follows:

"COURT: Ladies and gentlemen, it has been stipulated between the State and the Defendant to the following, which may be considered by you as evidence in this case. 'It is stipulated that the defendant was arrested by Trooper Ron Harmon for public drunk on the 13th of June, 1972; that the arrest took place at

the 300 block on South Hogan, Pryor, Mayes County, Oklahoma; that the arrest was made as the defendant was getting into a white Oldsmobile; .' I think at this juncture we, the State should introduce . . ..

"MR. HANCOCK: State would introduce State's Exhibit Number 1.

"COURT: Any objection.

"MR. VAN HORNE: No objection.

"COURT: Very well, States Exhibit 1 be received in evidence. I am going to add that the gun in question. 'That the gun in question was found on the floorboard, passenger side of the white Oldsmobile and that the officer could see all of the gun from outside the automobile; that the white Oldsmobile was in his possession and control; that the officers in questioning the defendant received the following information: That the defendant had brought this gun from Tulsa in the car; that he was the one driving the car; he further stated that a woman had given him the gun and that she had had him bring it back to replace the stock. That the shell was in the chamber; that the gun was closed but was not cocked; that the overall length is thirty-two and a quarter inches'; that the barrel measures twenty-eight inches, (that is in length, right?

"MR. HANCOCK: Yes sir.

"COURT: I will add that. Okay, Ladies and Gentlemen, I have read the stipulation and this may be considered by you as evidence in this case.

"MR. HANCOCK: Your honor, upon the stipulation and upon the gun being introduced in evidence under the crime charged, the State would rest." (Tr. 6–8)

Following this stipulation the defendant rested without the presentation of evidence.

Defense counsel urges in his first proposition of error the firearm found in defendant's possession was not a restricted firearm contemplated within the provisions of 21 O.S.1971, § 1283. Consequently, the demurrer to State's evidence as stipulated should have been sustained. In support of this conclusion counsel submits our recent holding of Marr v. State, Okl.Cr., 513 P.2d 324 (1973) which in substance holds rifles and shotguns as defined under the provisions of 21 O.S.1971, § 1289.4 and § 1289.5 are not a prohibited possession of one previously convicted of a felony. In an analysis of this argument we first note the following language of Section 1283:

"It shall be unlawful for any person having previously been convicted of any felony in any court of a state or the United States to carry on his person, or in any vehicle which he is operating, or in which he is riding as a passenger, any pistol, imitation or homemade pistol, machine gun, sawed-off shotgun or rifle, or any other dangerous or deadly firearm which could be as easily concealed on the person, in personal effects or in an automobile, as a sawed-off shotgun."

Title 21 O.S.1971, § 1289.5, the section which defines "shotguns," states as follows:

"'Shotguns' as used herein shall mean any firearm capable of discharging a series of projectiles of any material which may reasonably be expected to be able to cause lethal injury, with a barrel or barrels more than eighteen (18) inches in length, and using either gunpowder, gas or any means of rocket propulsion, but not to include any weapon so designed with a barrel less than eighteen (18) inches in length. In addition, any 'shotgun' capable of firing single projectiles but primarily designed to fire multiple projectiles such as 'shot' will be regarded as a 'shotgun'."

Counsel urges that since the barrel length of the firearm found in defendant's possession is in excess of the barrel length of the statutory definition of a shotgun, the weapon found in defendant's possession is not a firearm prohibited from the possession of one previously convicted of a felony.

█ We observe the firearm in the possession of defendant does not constitute a sawed-off shotgun as prohibited by Section 1283. Consequently, a felon may not be prohibited from possessing this firearm upon that basis. However, we observe a sawed-off shotgun is not the only firearm prohibited by Section 1283. Pistols, imitation or homemade pistols, machine guns, sawed-off shotguns or rifles, *or any other dangerous or deadly firearm which could be as easily concealed on the person, in personal effects or in an automobile, as a sawed-off shotgun,* are also restricted firearms. Consequently, the firearm in possession falls within its own unique category. Under our holding in Marr v. State, supra, had the stock of the firearm not been shortened, defendant could lawfully have maintained possession of it. However, the evidence of the shortened stock and overall length was sufficient to place within the province of the jury the question of whether the firearm in question could have been as easily concealed as a sawed-off shotgun. As the jury found adversely to defendant, and as we have found the evidence of the shortening of the stock was sufficient evidence to place this determination within their province, we will not disturb their finding as the jury factually could have determined this firearm to be prohibited under the provisions of Section 1283. We therefore find this proposition to be without merit.

█ Defense counsel next urges the language in the statute which states, "[O]r any other dangerous or deadly firearm which could be as easily concealed on the person, in personal effects or in an automobile, as a sawed-off shotgun," is unconstitutionally vague. We summarily reject this argument as we find this portion of the Statute is not so obscure that men of common intelligence must guess at its meaning and differ as to its application. That portion of the Statute clearly sets forth a weapon which may be as easily concealed as a sawed-off shotgun is a pro-

hibited firearm. Consequently, we hold this portion of the Statute is not unconstitutionally vague.

█ Defense counsel finally urges that the prosecutor erred in closing arguments. We have reviewed that portion of the arguments submitted by defense counsel as erroneous arguments. Assuming arguendo these remarks were improper, we find, considering the record and arguments as a whole, they cannot be considered to have prejudiced the jury nor influenced the verdict. Therefore they fall within the provisions of 20 O.S.1971, § 3001, the harmless error statute, and do not serve as a basis of reversal or modification of this conviction. We therefore find this proposition to be without merit.

The judgment and sentence is, accordingly, affirmed.

BRETT, P. J., concurs in results.

BUSSEY, J., concurs.