Charles Rex FARMER, Appellant,

v.

STATE of Oklahoma, Appellee.

No. M–86–474.

Court of Criminal Appeals of Oklahoma.

Aug. 9, 1988.

R.W. Byars, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

BRETT, Presiding Judge:

Appellant, Charles Rex Farmer, was convicted in Tulsa County for the crime of Possession of Cocaine in violation of 63 O.S.1981, § 2–401, in Case No. CRF–85–3248, and for Possession of Marijuana in violation of 63 O.S.1981, § 2–401, in Case

No. CRM–85–1416. Appellant waived his right to jury trial and the court returned a verdict of guilty setting punishment at two (2) years' imprisonment in Case No. CRF–85–3248. This sentence was suspended to run concurrently with the one (1) year suspended sentence imposed in Case No. CRF–85–1416. From these judgments and sentences, appellant appeals.

On August 19, 1985, three undercover Tulsa police officers went to the Brook Hollow Inn to set up a surveillance of possible illegal activities in one of the rooms. Appellant was not the subject of the surveillance. The manager checked the officers into a room that she believed to be vacant. However, when the officers entered the room they noticed that clothing and luggage had been left in the room. One officer called the registration desk to confirm that they were in the right room. Another officer had opened the doors of the television cabinet and found drugs therein. Subsequently, appellant came back to the room and let himself in with his key. Appellant called the manager from the phone in the room and told her that he had paid for another day and still occupied the room. The manager subsequently told appellant that a terrible mistake had been made. It was by virtue of this mistake that the officers had been checked into the room and had found incriminating evidence against appellant.

■ Appellant's primary contention is that the actions of the officers in entering his motel room and looking though his belongings without a warrant constituted an unreasonable search and seizure in violation of his Fourth Amendment rights. We agree.

In order to be afforded the protection of the Fourth Amendment, a person must have a legitimate expectation of privacy in the premises searched or thing seized. The Supreme Court has ruled that a person may have a legitimate expectation of privacy in a hotel room. *Hoffa v. United States*, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed. 2d 374 (1966). They have also held that all warrantless searches are per se unreasonable, subject to a few exceptions. *Katz v.*

*United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). For instance, a search preceeded by consent is not unreasonable. However, there are limits as to who can give consent. The Supreme Court has refused to allow a hotel clerk to give consent to police officers to search a suspect's room without any indication that the clerk had been authorized by the occupant to give such consent. *Stoner v. State of California*, 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856 (1964). A constitutional right is personal and cannot be waived except by a person to whom it belongs or an agent of that person. *Id.*

The State urges that the hotel manager did have the authority to give consent for the officers to go into the room because appellant had abandoned the room. We reject this argument because the weight of the evidence clearly indicates otherwise. The motel receipts showed that he had paid for another night; he had retained his key, and he had left his belongings. Although appellant had told the clerk to tell anyone who called that he had checked out, it was obviously a mistake on the part of the clerk to mark the folio that he had actually done so. Because appellant retained a legitimate expectation of privacy in his hotel room, only he would have been able to consent to the waiver of his constitutional right. *Accord Hoover v. State*, 738 P.2d 943 (Okl.Cr.1987).

■ The State also urges that the officers' actions should not constitute an unlawful search because they were acting in good faith and in reasonable reliance on the manager's guarantee that the room was vacant. However, the Supreme Court has held that a good faith exception to the exclusionary rule applies only where officers rely in good faith on a search warrant. *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3430, 82 L.Ed.2d 677 (1984). We will not extend this exception to cases such as the one at bar, in which the officers are not relying on a search warrant but on the unprivileged consent of another.

■ Alternatively, the State asserts that the evidence was found pursuant to the plain view doctrine and was therefore ad-

missible. Before evidence can be seized under the plain view doctrine, three requirements must be met: (1) it must be immediately apparent that the object is evidence of a crime; (2) the officer must have a prior justification for his presence and a lawful right to be there; and (3) the discovery must be inadvertent. *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *Teeman v. State,* 664 P.2d 1071 (Okl.Cr.1983). Although in this case the incriminating nature of the drugs was apparent and the discovery was inadvertent, the test was not met. Because the hotel manager did not have the authority to waive appellant's constitutional right to be free from unreasonable searches and seizures, (*See Stoner, supra*), she did not have the power—even if she were acting on a mistaken belief—to give the officers consent to enter appellant's room. The officers' presence in appellant's room lacked any prior justification under the Fourth Amendment, which was required because a Fourth Amendment right was at stake. Furthermore, the drugs were found by the officer when he *opened* the doors of the cabinet and looked inside. Thus, by definition, the drugs were not in plain view and the seizure cannot be justified under the plain view doctrine.

The Supreme Court has held that all evidence obtained by an unconstitutional search and seizure is inadmissible in a State court, and Oklahoma has closely complied with this rule. *Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). *Turner v. City of Lawton,* 733 P.2d 375 (Okl.1986). A few specific exceptions to the exclusionary rule have developed but none are applicable to the facts of this case. Therefore, because appellant's conviction rested entirely upon evidence that was illegally obtained, this case is REVERSED with instructions to DISMISS.

BUSSEY and PARKS, JJ., concur.