**Danny Alvin BERRY, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defend-
ant in Error.**

**No. A–15759.**

Court of Criminal Appeals of Oklahoma.

July 1, 1970.

Rehearing Denied Nov. 16, 1970.

Bay, Hamilton & Renegar, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

BUSSEY, Judge.

Danny Alvin Berry, hereinafter referred to as defendant, was charged by Information in the District Court of Woodward County with the offense of Carrying a Firearm After Conviction of a Felony on the 2nd day of April, 1969. He was tried by a jury who found him guilty and judgment and sentence fixing his punishment at one year imprisonment in the state penitentiary in accordance with the verdict of the jury was entered on the 29th day of December, 1969, and he appeals.

This case must be reversed and remanded, for it affirmatively appears from the record that during the opening statement of the District Attorney, the District Attorney read the Information to the jury and referred to the defendant's having previously been convicted of a felony. The defendant, by and through his counsel, moved for a new trial on the basis of the opinion rendered by this Court on the 14th day of May, 1969, in Lovell v. State, Okl.Cr., 455 P.2d 735. In Lovell v. State, supra, we stated:

"Since the new 'Court Reform' system has gone into operation, all cases are filed in District Court, and it is no longer necessary to allege the previous convictions in the same information.

This Court, as now constituted, is of the opinion that said charge arising under Title 47 O.S.A. § 11–902 shall be filed in two page informations, the first page alleging the primary offense, the second alleging the previous conviction as set forth in the Harris [1] case as to other type cases.

In other words, *'Driving While Intoxicated—Second and Subsequent Offense' —is hereby removed as an exception under the Harris opinion, and the principles therein adopted are now applicable to all cases involving previous offenses.*

\*　　\*　　\*　　\*　　\*　　\*

IN ADOPTING THE HARRIS PROCEDURE HEREIN, WE MUST STATE IT IS NOT TO BE RETROACTIVE, BUT SHALL APPLY TO ALL CASES TRIED IN THE FUTURE, OR, FROM THIS DATE FORWARD."

In the instant case while the specific former conviction was not alleged in the Information, the District Attorney's reference to the prior conviction of a felony violated the spirit of Lovell v. State, supra, in that it placed the defendant's character in issue prior to his taking the stand and testifying in his own behalf and undoubtedly had a prejudicial effect on the jury.

 We accordingly hold that it is reversible error to read language of an information alleging defendant's prior conviction in the opening statement of the District Attorney or to refer to his prior felony convictions in said opening statement.

This case is reversed and remanded for a new trial consistent with this opinion.

We observe that the defendant has raised the issue of double jeopardy on appeal in that he alleges he was convicted in the United States District Court for the identical offense. There is insufficient evidence in this record to establish the identification of the offense and should the defendant desire to raise this issue in the new trial, he should introduce evidence establishing the identification of the offenses, take an exception to the ruling of the court, if adverse, and preserve this issue for review on appeal if he is convicted in the new trial. Reversed and remanded for a new trial.

BRETT, P. J., and NIX, J., concur.

1.　Harris v. State, Okl.Cr., 369 P.2d 187.