**Joe Kenneth RIDDLE, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A-14899.**

Court of Criminal Appeals of Oklahoma.

Dec. 2, 1970.

Rehearing Denied Dec. 23, 1970.

Robert Macy, Ada, for plaintiff in error.

G. T. Blankenship, Atty. Gen., David L. Russell, Asst. Atty. Gen., for defendant in error.

PER CURIAM:

The plaintiff in error, Joe Kenneth Riddle, hereinafter referred to as defendant, was charged by information in the District Court of Pontotoc County, Case No. 4731, with the crime of Carrying a Firearm, After Former Conviction of a Felony, prohibited in 21 O.S.1961, § 1283. Defendant was tried before a jury which returned a verdict finding him guilty as charged and assessing punishment at two and one-half

years imprisonment. On February 26, 1968, motion for new trial was denied and judgment and sentence was imposed in accordance with the jury's verdict.

We find that the judgment and sentence must be reversed and the cause remanded for a new trial. At the beginning of the trial, the prosecuting attorney read the information charging defendant with carrying a firearm after conviction of a felony, the prior felony conviction being in Pottawatomie County on May 17, 1961, for selling marijuana. In Baeza v. State, Okl.Cr., 478 P.2d 903, this Court held in the first two paragraphs of its syllabus as follows:

"It is reversible error to read language of an information alleging defendant's prior convictions in the opening statement of the District Attorney or refer to his prior felony convictions in said opening statement."

"The charge of Carrying a Firearm After Former Conviction of a Felony must be tried in a two-stage proceeding as set forth in Harris v. State, Okl.Cr., 369 P.2d 187. In the first stage, the jury shall determine if defendant is guilty of carrying a firearm. If the jury finds him guilty of carrying such weapon, then and in that event a second stage of the trial shall be held and evidence of a former conviction introduced and an instruction given on the penalty for Carrying a Firearm After Former Conviction of a Felony."

In the Baeza case and others applying this same rule we have reversed the judgment and sentence and remanded for a new trial consistent with the procedure set forth herein. See, Berry v. State, Okl.Cr., 476 P.2d 390, and McCoin v. State, Okl. Cr., 478 P.2d 905. We are of the opinion the same procedure should be followed in that instant case.

However, this is not to say that the rule requiring a two-stage proceeding in a trial on the charge of carrying a firearm after conviction of a felony is to be afforded retroactive application. Rather, we consider this a rule to be applied prospectively as

was the rule first announced in Harris v. State, Okl.Cr., 369 P.2d 187 (1962), which required a two-stage proceeding on the charge of former felony conviction to enhance punishment under 21 O.S.Supp.1970, § 51.

We therefore hold that the rule requiring a two-stage proceeding in a trial for carrying a firearm after conviction of a felony is applicable to all trials conducted after July 1, 1970, which was the date this Court first announced said rule in Berry v. State, Okl.Cr., 476 P.2d 390. This rule will form no basis for relief to any defendant convicted prior to that date unless an appeal is presently pending in this Court.

Judgment and sentence is reversed and remanded for a new trial.

Reversed and remanded.