**Halbert Verl McCOIN, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15127.**

Court of Criminal Appeals of Oklahoma.

Nov. 25, 1970.

As Corrected Dec. 2, 1970.

Rehearing Denied Jan. 13, 1971.

A. W. Mauldin, Duncan, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Tim Leonard, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge:

Halbert Verl McCoin, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Stephens County for the crime of Carrying Firearms After Former Conviction of a Felony; his punishment was fixed at six years imprisonment and from said judgment and sentence a timely appeal has been perfected to this Court.

The defendant's sole proposition contends that the trial court improperly overruled his objection to the Information which alleges two prior felony convictions on the face thereof.[1]

This Court is of the opinion that this proposition is well taken. In the case of Baeza v. State, Okl.Cr., 478 P.2d 903, handed down this date, we stated in the first two paragraphs of the Syllabus:

"1.  It is reversible error to read language of an information alleging defendant's prior convictions in the opening statement of the district attorney or refer to his prior felony convictions in said opening statement.

1.  This Information was read to the jury prior to the opening statement by the prosecuting attorney.

2. The charge of Carrying a Firearm, After Former Conviction of a Felony, 21 O.S.1961, § 1283, must be tried in a two stage proceeding as set forth in Harris v. State, Okl.Cr., 369 P.2d 187. In the first stage, the jury shall determine if defendant is guilty of carrying a firearm. If the jury finds him guilty of carrying such weapon, then and in that event a second stage of the trial shall be held and evidence of a former conviction introduced and an instruction given on the penalty for carrying a firearm after former conviction of a felony."

This case presents another unfortunate situation, as the evidence of defendant's guilt is overwhelming, but regardless of his guilt and his prior convictions, he is entitled to the same fair trial as any other citizen of the State of Oklahoma.

We are of the opinion, from the situation here presented, that the defendant has not been afforded such treatment. Therefore, the judgment and sentence is hereby vacated, and the case is reversed and remanded for a new trial, in accord with the principals hereinbefore set forth.

Reversed and remanded for a new trial.

BRETT, P. J., and NIX, J., concur.