David William MARR, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A-18108.

Court of Criminal Appeals of Oklahoma.

Aug. 1, 1973.

Burke G. Mordy, Ardmore, for appellant.

Larry Derryberry, Atty. Gen., Michael Jackson, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, David William Marr, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Carter County, Case No. CRF–72–114, for the offense of Possession of A Firearm, After Former Conviction of a Felony, his punishment was fixed at three (3) years imprisonment and from said judgment and sentence, a timely appeal has been perfected to this Court.

Because of the ultimate conclusions reached, we do not deem it necessary to recite a detailed statement of facts.

Hudson Crouch, an enforcement agent for the Oklahoma Alcoholic Beverage Control Board, testified that on May 2, 1972, he observed the defendant and three other subjects in an intoxicated condition at a liquor store. He advised them that they should go home and get off the streets. A short time later he observed the same persons at another liquor store. He attempted to place them under arrest and they drove off. He pursued the vehicle and observed one of the subjects, Jerry Dan Pelton, pointing a lever-action rifle at him. The defendant reached up and pulled the gun down each time Pelton tried to point it at him. Upon subsequently getting the automobile stopped, he found a lever-action .22 rifle under the vehicle. The subjects were taken to the Carter County Sheriff's Office and advised of their rights against self-incrimination. He asked Jerry Dan Pelton if he was aware of the penalty for being in the possession of a firearm after having been convicted of a felony. Wherein the defendant stated "It's not Jerry Dan's gun, it's mine." (Tr. 58)

Defendant asserts five propositions of error, only two of which we deem necessary to discuss in this opinion. Defendant first asserts that the trial court made an error in mentioning defendant's previous felony conviction in impaneling the jury and in conducting the trial in a one-stage proceeding. In Baeza v. State, Okl.Cr., 478 P. 2d 903 (1970) we stated in the second Syllabus:

"The charge of Carrying a Firearm After Former Conviction of a Felony, 21 O.S.1961, § 1283, must be tried in a two stage proceeding as set forth in Harris v. State, Okl.Cr., 369 P.2d 187. In the first stage, the jury shall determine if defendant is guilty of carrying a firearm. If the jury finds him guilty of carrying such weapon, then and in that event a second stage of the trial shall be held and evidence of a former conviction introduced and an instruction given on the penalty for carrying a firearm after former conviction of a felony."

We observe that the trial court was aware of our holding in *Baeza*, supra, but concluded that the instant case was distinguishable. We concur with the trial court's ruling. In 1971 the Legislature passed 21 O.S. § 1289.7 which provides:

"A person may carry or transport in a motor vehicle a rifle, shotgun or pistol, unloaded, at any time."

In overruling defendant's motion for new trial, the trial court succinctly stated:

"But, as to the points in the case, my point was that under the law as I under-

stand it as handed down by the legislature, as far as the evidence is concerned, this man was committing no crime, unless it was by virtue of the fact that he had previously been convicted of a felony, that point and that point alone was the only thing that made him guilty of a crime. That being the case I could see no possible way that I could submit the case to a jury in a two stage proceedings. I am not going to sit here and ask a jury to find a man guilty of the crime of carrying an unloaded rifle in a car, or not guilty, when that is not a crime." (Tr. 107–108)

We thus conclude that because of the passage of 21 O.S. § 1289.7 that the previous convictions of a felony is a necessary element of the crime charged which should be pleaded and proven during the State's case in chief in a one stage proceeding. In Conway v. State, Okl.Cr., 483 P.2d 350, wherein the defendant was charged with Escaping From the State Penitentiary, we held that it was incumbent upon the State of Oklahoma to set forth the reasons and grounds for which defendant was legally incarcerated.

The final proposition contends that "neither the Information nor the evidence in chief of the State of Oklahoma support the verdict defendant has committed a crime under the law of the State of Oklahoma." Title 21 O.S. § 1283 provides as follows:

"It shall be unlawful for any person having previously been convicted of any felony in any court of a state or the United States to carry on his person, or in any vehicle which he is operating, or in which he is riding as a passenger, any pistol, imitation or homemade pistol, machine gun, *sawed-off shotgun or rifle*, or any other dangerous or deadly firearm which could be as easily concealed on the person, in personal effects or in an automobile, as a sawed-off shotgun . . ."

█ In the instant case the evidence adduced that the defendant was a convicted felon and that a .22 caliber rifle was in au-

tomobile in which defendant was a passenger. We concur with defendant's contention that 21 O.S. § 1283 does not prohibit a convicted felon from carrying a rifle in a vehicle unless the same is sawed-off. Defendant succinctly points out in his brief that "it is once again contended by the defense in this matter that not only is 21 O. S. § 1283 vague as to whether or not a rifle is included or only a 'sawed-off rifle' but that it would be 'absurd' to believe that the Oklahoma Legislature would prohibit a felon from possessing a rifle and not an automatic shotgun. To the contrary, 21 O.S. § 1283 was directed at a weapon which 'could be as easily concealed on the person, in personal effects or in an automobile, as a sawed-off shotgun."

The judgment and sentence is accordingly reversed and remanded.

BLISS, P. J., and BRETT, J., concur.