Raymond Joe BIRCH, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–78–657.

Court of Criminal Appeals of Oklahoma.

Dec. 6, 1979.

Gary Beadles, Pauls Valley, for appellant.

Jan Eric Cartwright, Atty. Gen., William S. Flanagan, Asst. Atty. Gen., for appellee.

## OPINION

CORNISH, Presiding Judge:

The appellant, Raymond Joe Birch, was convicted of Carrying a Firearm, After Former Conviction of a Felony, in the District Court of Garvin County, Case No. CRF-77-590. His sole assignment of error is that his trial was conducted as a one-stage proceeding, contrary to the holding in *Williams v. State*, Okl.Cr., 565 P.2d 46 (1977).

 The facts in this case do parallel those in *Williams*. There, an officer stopped the appellant and arrested him for driving while under the influence of intoxicating liquor, finding a loaded pistol on the floor of the car. We said in *Williams*, that a two-stage proceeding was required where punishment for an offense may be elevated in status because of a prior conviction of the defendant, but that in future cases a motion for a bifurcated proceeding should be filed before a plea is entered.[1] The appellant asserts that requiring such a motion before pleading to an offense places an unfair burden on defendants who enter their plea prior to the appointment of counsel by the court.

Title 22 O.S.1971, § 464, provides for the appointment of counsel before arraignment. In some cases this Court has held it not to be error to arraign a defendant before assigning counsel, but none of those cases involved the situation presented here. See *Russell v. State*, 41 Okl.Cr. 71, 270 P. 339 (1928); *Hudson v. State*, 78 Okl.Cr. 160, 145 P.2d 774 (1944); *Martinez v. State*, Okl.Cr., 453 P.2d 304 (1969). When we required the filing of a motion prior to the entry of a plea in *Williams v. State*, supra, we anticipated that at that stage an accused would already have obtained or already have waived counsel. If, because of extenuating circumstances, the defense counsel does not enter the case until after a plea has been entered, the District Court should exercise its sound discretion with regard to allowing a motion for a bifurcated proceeding to be filed.

In this case, there is no indication in the record that the defense attorney ever attempted to file such a motion. The issue was first raised in the motion for a new trial. For that reason, we hold that the error was waived.

Accordingly, the judgment of guilt and the sentence of three (3) years is *AFFIRMED*.

BRETT, J., concurs.

BUSSEY, J., concurs in results.

---

1. We further said in *Williams v. State*, supra, that where a motion for bifurcated proceeding is not filed before the plea is taken, the error is deemed waived. For an exception to the bifurcated trial rule see *Marr v. State*, Okl.Cr., 513 P.2d 324 (1973), which allows a single stage trial when a firearm is unloaded and carried in compliance with 21 O.S.1971, § 1289.7, which would be legal except for the fact that the person carrying the firearm is a felon.