**Joe Dale HOOVER, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–84–661.**

Court of Criminal Appeals of Oklahoma.

June 10, 1987.

E. Alvin Schay, Asst. Appellant Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., and Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

The appellant, Joe Dale Hoover, was tried by jury for Unlawfully Carrying a Firearm After Former Conviction of a Felony in the District Court of McIntosh County, Oklahoma, Case No. CRF–83–51. The jury returned a verdict of guilty and set punishment at three (3) years' imprisonment. The trial court sentenced the appellant in accordance with the jury's verdict. From this judgment and sentence, the appellant has perfected his appeal to this Court. We affirm.

On May 6, 1983, the manager of a motel in McIntosh County entered a room occupied by the appellant and a female companion. Neither the appellant nor his companion were present at the time of the entry. The manager entered the room because the rent had not been paid for two days and he wanted to determine whether the occupants were still in possession. While checking the room, he saw a number of hypodermic needles and a quantity of plant stems which had been discarded in the wastebaskets. After observing the suspicious items, he decided to call the sheriff's office.

Two deputy sheriffs responded to the call. When they arrived at the motel, the manager described to them the items he had seen in the room, further stated that the room rent had not been paid in two days, and indicated that he thought the room might have been abandoned. The manager then let the deputies into the room and showed them the suspicious items. Since the room still contained the personal possessions of the appellant and his companion, the officers decided that it had not been abandoned. Therefore, they seized the contents of the wastebaskets and left to obtain a search warrant.

After obtaining the warrant, the officers returned to the motel and began watching the room. Approximately three hours la-

ter, the appellant's female companion arrived, and was observed carrying something into the room. The appellant arrived about an hour after his companion. Two hours later, at approximately 6:30 p.m., the deputies decided to execute the search warrant. They knocked twice on the motel room door, and, when no one answered, broke it down. One of the officers testified that when he entered the room, the appellant was laying fully clothed on top of the bedspread on the bed, facing away from the door.

When the officers searched the room, they found a pistol under the pillows on the bed where the appellant had been laying. In the closet, they found a rifle and a number of items they believed to be contraband. The appellant and his companion were then placed under arrest. Since the room rent had not been paid, the motel manager requested that the officers remove all of the appellant's possessions from the premises. One of the officers testified at preliminary hearing that when he went to check the appellant's vehicle, a pickup, he noticed a pistol laying on the front seat. He then impounded the truck and conducted an inventory of its contents. In addition to the pistol on the front seat, the inventory revealed a rifle under the front seat and two other pistols in the back of the pickup inside a camper shell. Neither the cab of the pickup nor the camper shell were locked.

## I.

In his first assignment of error, the appellant contends that the original entry by the deputies into the motel room at the request of the manager was illegal. Consequently, he argues, the issuance of the search warant, which was based upon the officer's observations while in the room, was also improper. Finally, he contends that the subsequent warrantless search of his pickup was unlawful. We disagree.

■ Appellant bases his contention on the fact that the motel room had not been abandoned. Since the room had not been abandoned, appellant asserts that the manager had no authority to consent to the

entry by the deputies. In this situation, however, appellant's period of exclusive possession had been terminated by his failure to pay the rent. As stated by Professor LaFave in his treatise on search and seizure:

> If a person has rented a hotel or motel room for a fixed period of time, either by paying rent only for a certain number of days or by indicating at registration an intention to remain only a certain number of days, and by the time set for checkout on the date this period ends the guest has not made the necessary arrangements to extend the rental period, the hotel or motel management may then consent to a police search of the room. Although this is a rather strict rule, it finds its justification in the fact that it is commonly known that those who operate such establishments are understandably interested in maximum paying occupancy and thus could be expected to promptly clear the room of a guest who has overstayed so that another guest may be given the room. (Footnote omitted).

LaFave, *Search and Seizure*, (West 1978), § 8.5, at 742–43. *See also Sumdum v. State*, 612 P.2d 1018 (Alaska 1980); *United States v. Parizo*, 514 F.2d 52 (2d Cir.1975).

The initial lawful entry by the officers yielded information which gave them probable cause to believe that there might be evidence of a crime concealed within the appellant's possessions in the motel room. Therefore, the issuance of a warrant based on those observations was proper.

■ Finally, the search of the appellant's pick-up was also permissible. Since the appellant's rent had not been paid for two days, the motel manager could lawfully authorize the removal of the appellant's possessions from the premises. Pursuant to the manager's authority, the vehicle was impounded. An inventory search of a properly impounded vehicle is permissible under the Fourth Amendment. *South Dakota v. Opperman*, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976). In addition, once the appellant had been arrested, the observation of a firearm laying in plain sight on the front seat of his unlocked vehicle justi-

fied an impoundment and inventory search of the vehicle for the protection of the general public. *See Cady v. Dombrowski*, 413 U.S. 433, 447, 93 S.Ct. 2523, 2531, 37 L.Ed.2d 706 (1973) (search of auto to protect public from vandal's use of gun).

## II.

■ In his second assignment, appellant asserts that the trial court erred by rejecting his motion for a bifurcated trial. Appellant bases his contention on this Court's holding in *Baeza v. State*, 478 P.2d 903 (Okl.Cr.1970), in which we ruled that violations of the felon firearm possession statute were to be tried in a two-stage proceeding. However, in *Marr v. State*, 513 P.2d 324 (Okl.Cr.1973), we determined that the passage of the Oklahoma Firearms Act of 1971 had changed the situation and made proof of a previous felony conviction a necessary element of the crime. *Marr* held that a one-stage proceeding was appropriate under the facts in that case. In *Williams v. State*, 565 P.2d 46 (Okl.Cr. 1977), we indicated that the determining factor is whether the acts alleged in the information reflect a violation of a separate crime, then the defendant should be charged with that crime and given a two-stage trial.

In the present case, the acts alleged in the information do not show a violation of a separate statute. The information simply states that the appellant had in his possession and under his control certain firearms. If the appellant had not been a felon, then his gun possession would not have been a crime. Thus, this case falls directly under the provisions of 22 O.S.1981, § 860, which states:

> In all cases in which the defendant is prosecuted for a second or subsequent offense, **except in those cases in which former conviction is an element of the offense,** the procedure shall be as follows: [provisions for bifurcated trials] (Emphasis added).

Therefore, the appellant's prior conviction was properly presented in a single page information. *See Isom v. State*, 646 P.2d 1288, 1291 (Okl.Cr.1982).

Furthermore, even if we had found merit in the appellant's argument, the alleged error was waived. In *Birch v. State*, 603 P.2d 1161 (Okl.Cr.1979), we held that when a defendant is represented by counsel, he must file a motion for a bifurcated trial before entering a plea. Appellant argues that the record is ambiguous as to whether he was represented when he made a plea at his initial appearance. However, the record clearly indicates that he had counsel present when he made his plea at formal arraignment on July 7, 1983. Accordingly, this assignment of error is without merit.

## III.

■ Finally, appellant contends that numerous improper and prejudicial prosecutorial comments deprived him of a fair and impartial trial. Appellant failed to object to a number of the comments cited in his brief. In other instances, when he did object, the objection was sustained and the jury admonished. However, on one occasion, the prosecutor ridiculed the appellant's attorney and the defense by saying, "You have heard what [appellant's attorney] had to tell you; if any of you have been [in] a courtroom before you may have heard an old adage we refer to and that is if you don't have any facts or law try to confuse the jury." Appellant's objection to the comment was overruled. Shortly thereafter, the prosecutor continued, "... and don't let the defense counsel send up a smoke screen to you to try to draw you away from what the facts are, because that is what he is trying to do ...."

This Court has held such arguments to be improper. *Schneider v. State*, 501 P.2d 868 (Okl.Cr.1972) ("old public defender argument"); *Chandler v. State*, 572 P.2d 285 (Okl.Cr.1977). In addition, we have specifically condemned similar "smoke screen" comments. *Cannon v. State*, 507 P.2d 584 (Okl.Cr.1973).

■ In this case, however, appellant received a sentence of three years imprisonment. Such a moderate sentence is strong evidence that the jury was not "inflamed" by the prosecutor's improper comments. *See McKee v. State*, 576 P.2d 302, 304

(Okl.Cr.1978). In light of the strong evidence of guilt, and the lack of a showing of prejudice, we find that the prosecutor's error is insufficient to warrant a reversal or modification of sentence. *See Williams v. State,* 733 P.2d 22, 25 (Okl.Cr.1987); *Grant v. State,* 703 P.2d 943, 946–47 (Okl.Cr.1985) (Parks, P.J., specially concurring).

Accordingly, for the foregoing reasons, the judgment and sentence of the trial court is AFFIRMED.

BRETT, P.J., concurs.

BUSSEY, J., concurs in results.