Vernon DANGERFIELD, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F-84-762.

Court of Criminal Appeals of Oklahoma.

Aug. 31, 1987.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., and Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Vernon Dangerfield, was tried and convicted in the District Court of Stephens County of the crime of Uttering a Forged Instrument After Former Conviction of a Felony in Case No. CRF-83-256. At the conclusion of the first stage of the trial, appellant pled guilty to the four prior convictions, and the trial court sentenced

him to twenty (20) years imprisonment, and he appeals.

For his first assignment of error appellant asserts that his conviction must be reversed because he was charged under the wrong statute. He argues that he should have been charged under 21 O.S.1981, § 1577 rather than 21 O.S.1981, § 1592. In support of this contention he cites *Johnson v. State,* 564 P.2d 664 (Okl.Cr.1977).

We first observe that appellant failed to object or file a motion to quash the information; thus, he has waived any error. *See Nealy v. State,* 636 P.2d 378 (Okl.Cr.1981). Furthermore, the prosecutor has sole authority to decide under which statute to file charges. 21 O.S.1981, § 11; *Wolfenbarger v. State,* 710 P.2d 114, 115 (Okl.Cr.1985). This assignment of error is meritless.

Appellant next contends that the trial court erred in overruling his motion for directed verdict for insufficient evidence. We disagree. The facts presented at trial reveal that on December 5, 1983, appellant accompanied Shirley Davenport to Weeaks Furniture Store in Duncan, Oklahoma. After they selected a certain group of furniture, Davenport showed Charles Weeaks a social security check for $1,467.10 which was endorsed by Nathaniel E. White. She told Weeaks that the check belonged to her grandfather and that he had given it to her to buy furniture. The appellant confirmed this to Mr. Weeaks. (However, evidence was presented that the check was stolen from Mr. White's mailbox and that he neither endorsed it nor gave anyone else permission to endorse it.)

Davenport then told Mr. Weeaks that she and appellant would return later to pick up the furniture. Subsequently, the pair arrived to buy the furniture and load it into a pickup truck which appellant had taken from a local car dealership on a "test drive" minutes earlier. While Mr. Weeaks and his attendant loaded the furniture onto the truck, Mrs. Weeaks effected the sale. Davenport signed the social security check, wrote on it the address "308 Pecan," and handed it to Mrs. Weeaks. Mrs. Weeaks requested some identification, and Dav-

enport said that she had none. Mrs. Weeaks turned to the appellant, who also offered no identification. However, appellant told her, "you know me, I've bought furniture from you before." When Mrs. Weeaks asked him his name he responded, "Rodney Moore." Mrs. Weeaks then took the check and gave Davenport the balance due of $898.20 [sic].

After the transaction was completed, Mr. Weeaks got into his car and followed them, but he soon lost sight of the pair so he drove to 308 Pecan and all he found was a vacant house. Shortly after her husband left, Mrs. Weeaks remembered appellant's real name. When appellant was subsequently arrested, he had $619.37 in cash in his right front pocket. The Weeaks never saw the pair again prior to trial, never received the furniture, and never were paid by the Treasury on the check.

In light of the fact that appellant confirmed to Mr. Weeaks that the check was from Davenport's grandfather, encouraged Mrs. Weeaks by assuring her that she knew him, lied by giving her a fictitious name, and possessed $619.37 in cash in his pocket when arrested, we find that the evidence presented excludes every reasonable hypothesis except that appellant aided and abetted in the commission of the offense. *Fiorot v. State,* 641 P.2d 551 (Okl. Cr.1981); *Rounds v. State,* 679 P.2d 283 (Okl.Cr.1984). This assignment is accordingly denied.

Appellant's third assignment of error is that the prosecutor erred in his closing argument by calling appellant a liar, misrepresenting evidence, and provoking sympathy for the victims of the crime. However, as appellant failed to object to any of the remarks, this assignment was waived. *Raymond v. State,* 717 P.2d 1147 (Okl.Cr.1986). Moreover, the comments were reasonable comments on the evidence and were not grossly improper and unwarranted. *See Frazier v. State,* 607 P.2d 709, 711 (Okl.Cr.1980). Hence, we find no error.

In his final assignment of error, appellant maintains that the trial court com-

mitted reversible error by not allowing him to withdraw his guilty plea to four prior convictions. We disagree. After reviewing the record, we find that the State substantially complied with the provisions of *King v. State*, 553 P.2d 529 (Okl.Cr.1976). *See State v. Durant*, 609 P.2d 792 (Okl.Cr. 1980). Appellant received the statutory minimum sentence for which he bargained, and he has wholly failed to show ... "that the plea was entered unadvisedly, through ignorance, inadvertence, influence or without deliberation, and that there is a defense to present to the jury." *Darnell v. State*, 623 P.2d 617, 619 (Okl.Cr.1981). This contention is accordingly denied.

Accordingly, for the foregoing reasons, the judgment and sentence is AFFIRMED.

BRETT, P.J., and PARKS, J., concur.