**Cleo COOPER, Jr., Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–86–632.**

Court of Criminal Appeals of Oklahoma.

Nov. 23, 1988.

James T. Rowan, Public Defender, Oklahoma City, for appellant.

Robert H. Henry, Atty. Gen., William H. Luker, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

Cleo Cooper, Jr., appellant, was tried by jury and convicted of Carrying a Firearm After Former Conviction of a Felony (21 O.S.Supp.1983, § 1283), in Case No. CRF–85–6133, in the District Court of Oklahoma County, the Honorable William H. Henderson, District Judge, presiding. The jury assessed punishment at imprisonment for four (4) years and six (6) months. Judgment and sentence was imposed in accordance with the jury's verdict. We affirm.

On the evening of November 30, 1985, two Oklahoma City police officers were patrolling the 300 block of Northeast Second Street when they saw appellant staggering down the middle of the street. As they approached in their patrol car, appellant stepped in front of them. The officers stopped and honked their horn to get appellant's attention. As appellant turned around, the officers saw the butt of a shotgun protruding from underneath appel-

lant's knee length overcoat. The officers exited their car, drew their weapons and commanded appellant to drop the gun. Appellant walked away from the officers. They again ordered appellant to drop the gun. This time, appellant let the shotgun slide down his side until the butt rested on the ground but continued to hold the barrel. The third time the officers ordered appellant to drop the gun he did so. The officers determined appellant was intoxicated by his staggered walk, bloodshot eyes, slurred speech and by the odor of alcohol on his breath and clothes. They arrested him for carrying a concealed weapon. In the search incident to arrest, the officers discovered the .410 gauge shotgun had a live shell in the chamber and appellant carried two more live shells in his pocket. The overcoat had the left pocket altered so appellant could hold the barrel with his hand through the hole in the pocket. After being given *Miranda* warnings, appellant told one of the arresting officers that "someone had shot at him earlier, and he was going back to get them for it." (Tr. at 59). Appellant testified at trial, denied making the statement to the officer, and admitted carrying the loaded shotgun under his coat but claimed he was taking it to a friend for repairs and the cartridges were carried to test fire the weapon.

For his first assignment of error, appellant asserts the trial court erred by conducting a bifurcated trial. In a pre-trial conference, appellant vigorously objected to a bifurcated trial, sought to quash the information, and argued the State could only try him in a single stage proceeding under 21 O.S.Supp.1983, § 1283. The court overruled appellant's motion to quash and required the jury to find appellant guilty or not guilty in the first stage proceeding of willfully, knowingly, possessing a dangerous or deadly firearm which could be easily concealed on the person. (O.R. at 21) The court reserved the question of whether appellant had formerly been convicted of a felony for the second stage proceeding.

This Court mandated two stage trials for all prosecutions under Section 1283 effective July 1, 1970. *Riddle v. State*, 478 P.2d 357, 359 (Okla.Crim.App.1970). During the first stage proceeding, the jury should determine whether or not the accused carried a firearm. If the jury finds the accused guilty of carrying a firearm in the first stage, the State should then offer evidence of a former felony conviction in the second stage and the jury should be instructed on the penalty. *Id.* at 358; *Baeza v. State*, 478 P.2d 903, 905 (Okla.Crim.App.1970); *McCoin v. State*, 478 P.2d 905, 906–07 (Okla.Crim.App.1970).

A prior felony conviction is an essential element of Section 1283. *Thomas v. State*, 675 P.2d 1016, 1021 (Okla.Crim.App.1984) *cert. denied*, 466 U.S. 942, 104 S.Ct. 1923, 80 L.Ed.2d 469 (1984); *Smith v. State*, 651 P.2d 1067, 1069–70 (Okla.Crim.App.1982). Revelation of the former conviction to the jury in the first stage proceeding is, however, inherently prejudicial. Proof of this element must, therefore, wait until the second stage to "accord the accused due process and to avoid, where possible, any procedure which may unnecessarily prejudice the jury." *Williams v. State*, 565 P.2d 46, 50 (Okla.Crim.App.1977). This is especially true where, as here, one of appellant's former convictions was for murder.

■ Although 22 O.S.1981, § 860, permits a single stage trial when the former felony conviction is an essential element of the offense, a bifurcated procedure for prosecutions under 21 O.S.1981, § 1283, does not conflict with Section 860, because the bifurcated trial affords the accused greater protection. The second stage of the trial is not used to enhance punishment but is used to define an essential element of the offense. *See Fenter v. State*, 695 P.2d 12, 13 (Okla.Crim.App.1985).

■ Appellant relies on *Hines v. State*, 684 P.2d 1202, 1205 (Okla.Crim.App.1984) to support his claim that a single stage trial was mandated. Reviewing prior caselaw, it is clear that a single stage trial is mandated only when the accused carried the weapon in total compliance with the Oklahoma Firearms Act and the sole violation of state law arose from combining the carrying of a weapon with the felony conviction. *Williams*, 565 P.2d at 50. The

overly broad language in *Hines* must be read in conjunction with *Williams*. In the instant case, appellant claimed he carried the loaded shotgun under his coat to have it repaired. Title 21 O.S.1981, § 1289.6(3), provides that a shotgun may be carried open and *not concealed*, "[w]hen *unloaded*, going to or coming from a gunsmith." (emphasis added) Appellant failed to carry the weapon in compliance with the Oklahoma Firearms Act. Consequently, he was not entitled to a single stage proceeding. We find the trial court did not err by bifurcating appellant's trial.

For his second assignment of error, appellant asserts the trial court erred by refusing to quash the information because he did not carry a sawed-off shotgun in violation of Section 1283. However, Section 1283 also prohibits carrying "any other dangerous or deadly firearm which could be easily concealed on the person ...," for which appellant was charged. Clearly, a loaded shotgun is a dangerous or deadly firearm *per se*, *see Billings v. State*, 14 Okl.Cr. 12, 166 P. 904, 905 (1917), and it was a question of fact for the jury whether this shotgun could be easily concealed under appellant's knee length overcoat. This assignment is meritless.

For his third and fourth assignments of error, appellant argues the trial court erred by overruling his motions in limine to suppress his inculpatory statement made to the arresting officer and to exclude any testimony that he was intoxicated at the time of his arrest. The court conducted a hearing in compliance with *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), and found appellant's inculpatory statement was voluntarily made. The evidence that appellant was intoxicated was admitted as part of the *res gestae* of the offense. (Tr. at 17–26)

Appellant argues the inculpatory statement and the evidence of intoxication were not necessary to prove any of the essential elements of the offense; therefore, the testimony was irrelevant, inadmissible and served only to prejudice him. We disagree.

■ Two of the essential elements of carrying a firearm after former conviction

of a felony are the accused "knowingly" and "willfully" possessed the firearm. *Williams*, 565 P.2d at 49. Appellant denied at trial knowing the shotgun was loaded, and claimed he carried it under his coat because "carrying a gun outside does attract attention.... So, I wasn't trying to hide it from anyone, but I was trying to get it down the street to the car so it could be repaired without attracting that much attention as a crazy man walking down the street with a gun." (Tr. at 77) The State introduced the statement that appellant was going to "get" someone who earlier shot at him to prove motive, intent, preparation, plan, knowledge and absence of mistake. *See* O.S.1981, § 2404(B). As such, the evidence was highly relevant to prove beyond a reasonable doubt the essential elements of knowledge and willfullness.

■ The court admitted the evidence of appellant's intoxication as part of the *res gestae* of the offense. It was not offered as an exception to the hearsay rule. *Res gestae* as an exception to the hearsay rule, in this writer's opinion, no longer exists. *Gore v. State*, 735 P.2d 576, 579 (Okla. Crim.App.1987) (Parks, J., Specially Concurring). Rather, the State introduced the evidence to show appellant's conduct as an occurrence forming an integral part of the transaction, formerly called *res gestae*, which completed the picture of the offense charged. *Gaines v. State*, 724 P.2d 260, 261 (Okla.Crim.App.1986). As such, the evidence was relevant to prove the essential elements of the offense charged as matters incidental to the main fact and explanatory of it. *Dixon v. State*, 560 P.2d 204, 206 (Okla.Crim.App.1977). We find no abuse of discretion by the trial court in admitting the admission by appellant or the testimony concerning his intoxication. This assignment of error is without merit.

■ Appellant's final assignment of error is not supported by citation to relevant authority. In the absence of fundamental error, this assignment is not properly before the Court. *Gille v. State*, 743 P.2d 654, 656 (Okla.Crim.App.1987). Finding no fundamental error, we will not address the issue.

In light of the above, appellant's judgment and sentence should be, and hereby is, AFFIRMED.

BRETT, P.J., concurs.

BUSSEY, J., concurs in result.