Larry Alex **WILLIAMS**, Appellant,

v.

**STATE** of Oklahoma, Appellee.

No. F–87–642.

Court of Criminal Appeals of Oklahoma.

June 12, 1990.

---

12. Okla.Stat. tit. 85, § 24 (1981).

13. *Id.*

14. 519 P.2d 1364 (Okla.1974).

Johnie O'Neal, Public Defender, Tulsa, for appellant.

Robert H. Henry, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

LUMPKIN, Judge:

Appellant Larry Alex Williams was tried by a jury and convicted of Unlawful Possession of a Firearm After Former Conviction of a Felony (21 O.S.Supp.1983, § 1283) in Tulsa County District Court Case Number CRF–86–2811. The jury recommended punishment of six and one-half (6½) years imprisonment, and the trial court sentenced accordingly. From this judgment and sentence Appellant has perfected this appeal. We affirm.

The evidence presented at trial showed that on the morning of August 14, 1986, Sergeant Samuel McCullough of the Tulsa Police Department stopped a car driven by the Appellant for committing several traffic violations. Sergeant McCullough approached the car and asked the Appellant for his driver's license and insurance verification. Because the Appellant was unable to produce either of these documents, the officer had the Appellant accompany him back to the squad car to make further inquiry to determine and verify Appellant's identity. Within a very short time, Officer Jim Clark arrived on the scene in response to Sergeant McCullough's backup request. Sergeant McCullough immediately advised Officer Clark that the Appellant was under arrest and asked him to see if he could get some information from the sole passenger who was still seated in the stopped vehicle. Officer Clark then approached the rear of the vehicle on the right side, directly behind the passenger door, and asked the

passenger to step out of the vehicle. As the passenger proceeded to exit the vehicle Officer Clark saw him attempt to push an open brown vinyl pouch or shaving kit between his legs beneath the car seat with what appeared to be the butt of a semi-automatic pistol protruding out. Officer Clark then secured the bag and its contents, including the pistol, which appeared to be capable of being discharged. He then accompanied the passenger back to the scout car before the inventory of the vehicle was performed. Prior to trial the Appellant filed a timely motion for bifurcated trial which was sustained by the initial trial judge. (Tr. 8, 9) However, the case was later reassigned for trial and the new trial judge reversed this ruling thereby denying the Appellant's request for a bifurcated proceeding. (Tr. 17–22) At trial, the State offered into evidence, without an objection by the Appellant, State's Exhibits Numbered 13, 14, and 15, the previous convictions of the Appellant for Possession of Marijuana, Knowingly Receiving Stolen Property, and three counts of Arson respectively, all from the State of Missouri.

■ In his sole proposition of error, Appellant alleges that the trial court committed reversible error in refusing to grant his motion for a bifurcated trial. Appellant virgorously objected to a single stage proceeding and argued that when charged with an offense under 21 O.S.Supp.1983, § 1283 he was entitled to a bifurcated trial. Section 1283 provides as follows:

It shall be unlawful for any person having previously been convicted of any felony in any court of a state or of the United States to have in his possession or under his immediate control, or in any vehicle which he is operating or in which he is riding as a passenger, any pistol, immitation or homemade pistol, machine gun, sawed off shotgun or rifle, or any other dangerous or deadly firearm which could be easily concealed on the person, in personal effects or in an automobile . . .

The Appellant cites *Birch v. State*, 603 P.2d 1161 (Okl.Cr.1979), *Williams v. State*, 565 P.2d 46 (Okl.Cr.1977), *Thompson v.*

*State*, 488 P.2d 944 (Okl.Cr.1971), *McCoin v. State*, 478 P.2d 905 (Okl.Cr.1970), and *Baeza v. State*, 478 P.2d 903 (Okl.Cr.1970), in support of his contention. He argues that the jury should determine whether the defendant is guilty of possessing or carrying the firearm in the first stage, and that the proof of prior convictions used to establish the defendant's acts as felonious should be introduced in the second stage. Further, he alleges that the only exception to this rule, other than waiver, is found in *Marr v. State*, 513 P.2d 324 (Okl.Cr.1977), when the defendant's acts do not constitute a crime ". . . except by virtue of the fact that he has been previously convicted of a felony . . .". *See also Hines v. State*, 684 P.2d 1202 (Okl.Cr.1984), holding there is no bifurcation because the prior felony conviction is a necessary element of the offense. Appellant contends that the information should have been amended by adding the word "loaded". He argues that the evidence presented at the preliminary hearings established the grounds for a charge of transporting a loaded firearm within the framework of Title 21 O.S.1981, § 1289.6, § 1289.7, thereby establishing the criteria for a two-stage trial. We do not agree.

■ This Court has repeatedly held that the prosecutor has sole authority to decide under what statute to file charges 21 O.S. 1981, § 11; *Dangerfield v. State* 742 P.2d 573, 574 (Okl.Cr.1987); *Wolfenberger v. State*, 710 P.2d 114, 115 (Okl.Cr.1985). *See also, Isom v. State*, 646 P.2d 1288, 1292 (Okl.Cr.1982). The preliminary hearing is where a probable cause determination is made. Occasionally in the process of presenting evidence to support the charges, evidence of a different or another offense may develop. However, it is at the discretion of the prosecution whether or not the information should be amended to include what appears to be evidence of another crime, particularly since the prosecution has the burden of proving at trial "beyond a reasonable doubt" the elements of the crime as opposed to the "probable cause" requirement at the preliminary hearing stage.

Appellant has failed to acknowledge or apply the provisions of 22 O.S.1981, § 860.

This section became effective on June 30, 1965, and appears to be a response of the Legislature to the opinion of this Court in *Harris v. State,* 369 P.2d 187 (Okl.Cr.1962). It is necessary to view the issue presented here in conjunction with an historic perspective of the case law development to render the appropriate decision in this case. In *Harris,* Judge Nix provided an excellent review of the basis for adopting a bifurcated procedure for individuals charged under the Habitual Criminal Act, 21 O.S.1981, § 51. He further noted the necessity to establish this procedure by caselaw since the Legislature had failed to promulgate a statutory procedure despite repeated decisions by the Court suggesting the need for legislation to address the problem. *Harris,* 369 P.2d at 191–192. It must be noted that *Harris* did not address the issue presented in this case where the prior felony is an essential element of the charge. The Legislature did act and passed 22 O.S.1981, § 860, however, this Court failed to address its provisions until *Hoover v. State,* 738 P.2d 943 (Okl.Cr.1987). The decisions in *Birch, Williams, Thompson, McCoin, Baeza, Marr, Hines, Berry v. State,* 476 P.2d 390 (Okl.Cr.1970), *Lovell v. State,* 455 P.2d 735 (Okl.Cr.1969), and *Riddle v. State,* 478 P.2d 357 (Okl.Cr.1970) rely on the application of the procedure established by caselaw and do not apply the statutory procedure codified in 22 O.S.1981, § 860. Therefore, those cases addressing the procedure to follow when trying a defendant charged after former conviction of a felony under the provisions of 21 O.S.1981, § 51, and their analogous application to the trial of a defendant charged under the provisions of 21 O.S.Supp.1983, § 1283, must be distinguished when deciding the appropriate procedure to follow to comply with the statute. Judge Parks stated in *Hoover:*

> In the present case, the acts alleged in the information do not show a violation of a separate statute. The information simply states that the appellant had in his possession and under his control certain firearms. If the appellant had not been a felon, then his gun possession would not have been a crime. Thus, this

case falls directly under the provisions of 22 O.S.1981, § 860, which states:

> In all cases in which the defendant is prosecuted for a second or subsequest offense, **except in those cases in which former conviction is an element of the offense,** the procedure shall be as follows: [provisions for bifurcated trials] (Emphasis added).

Therefore, the appellant's prior conviction was properly presented in a single stage information. *See Isom v. State,* 646 P.2d 1288, 1289 (Okl.Cr.1982).

This decision is based on the allegations in the information and does not address the context in which previous decisions were rendered in applying the provisions of Section 860. Subsequently in *Cooper v. State,* 765 P.2d 1211 (Okl.Cr.1988), the Court again addressed the procedure under the provisions of Section 860, however, the decision was based on the cases which have been distinguished above rather than on a strict interpretation of Section 860. In trying to reconcile prior cases, which established procedure by caselaw relating to 21 O.S.1981, § 51, with the statutory provisions of Section 860 and its application to 21 O.S.Supp.1983, § 1283, the Court has utilized a fiction which in turn creates confusion relating to the procedure to follow in cases falling under its provisions. We will now proceed to address the issue on its merits and provide guidance as to the application of Section 860.

Since the information only charged the Appellant with possession or control of a pistol, the sole violation of state law arose from combining the possession or control of a pistol with the felony convictions. The offense charged is proper under the provisions of 21 O.S.Supp.1983, § 1283 and the trial court is without jurisdiction to order the State to amend the Information *merely* because there was an alternate way the offense could have been prosecuted. Title 22 O.S.1981, § 860, permits a single stage trial when the former felony conviction is an essential element of the offense. The prior felony conviction is an essential element of the charge in this case. We therefore hold that Appellant was not entitled to a bifurcated proceeding when

charged with an offense under 21 O.S. Supp.1983, § 1283. To the extent the previous decisions of this Court in *Baeza, Berry, McCoin, Marr, Williams, Hoover, Hines, Riddle,* and *Cooper* are inconsistent with the decision of the Court in this case, they are expressly overruled. Accordingly for the foregoing reasons, the judgment and sentence of the trial court is AFFIRMED.

LANE, V.P.J., and JOHNSON, J., concur.

BRETT, J., concurs in part.

PARKS, P.J., concurs in part/dissents in part.

PARKS, Presiding Judge, concurring in part/dissenting in part:

The majority herein overrules of a number of cases, including *Hoover v. State,* 738 P.2d 943 (Okl.Cr.1987). As previously set forth, we held in *Hoover* that an information which simply states that a defendant had in his possession and under his control certain firearms, without alleging a prior felony conviction, does not show a violation of a separate statute. Because such a "case falls directly under the provisions of 22 O.S.1981, § 860," a defendant's "prior conviction [is] properly presented in a single stage information." *Id.* at 946. I find that the *Hoover* opinion set forth the identical rule of law advanced by the majority herein. Accordingly, I concur with the majority that the trial court properly overruled appellant's motion for a bifurcated trial. However, I must respectfully dissent to overruling our prior decision in *Hoover.*