OSCN Found Document:STATE v. FARTHING

 
 
 
 OSCN navigation


 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 





 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 

 
 
 
 STATE v. FARTHING
2014 OK CR 4
Case Number: S-2013-1022
Decided: 04/28/2014
THE STATE OF OKLAHOMA, Appellant, v. WILLIE LEON FARTHING, Appellee.
Cite as: 2014 OK CR 4, __ __

S U M M A R Y O P I N I O N
SMITH, VICE PRESIDING JUDGE:
¶1 Willie Leon Farthing is charged with one count of Concealing Stolen 
Property, After Former Conviction of Two or More Felonies in violation of 
21 O.S.2011, § 1713 (Count 1), one count of 
Possession of a Firearm After Former Conviction of a Felony, After Former 
Conviction of Two or More Felonies in violation of 21 O.S.Supp.2012, § 1283(A) (Count 2), and 
Conspiracy to Commit a Felony, to wit, Burglary in the Second Degree, After 
Former Conviction of Two or More Felonies in violation of 21 O.S.2011, § 421 (Count 3), in the 
District Court of LeFlore County, Case No. CF-2013-42. 
¶2 Farthing was bound over at preliminary hearing. The case came on for trial 
on October 28, 2013. On that date, Farthing filed a Motion to Quash and/or 
Suppress Arrest and Demurrer challenging the sufficiency of the evidence to 
support the charge of Possession of a Firearm After Former Conviction of a 
Felony. A defendant who files a motion to quash for insufficient evidence 
pursuant to Section 504.1 of Title 22 must establish, beyond the face of the 
Information, that there is insufficient evidence to prove any one of the 
elements of the crime with which he is charged. 22 O.S.2011, § 504.1(A). In the trial court, 
Farthing argued that under the language of Section 1283 and this Court's 
decision in Marr v. State, 1973 OK CR 342, 513 P.2d 324, the possession of an unmodified rifle by 
a convicted felon who is not on supervised probation is not proscribed. He 
argued that because the State's evidence presented at preliminary hearing did 
not establish that the rifle was sawed-off or that he was on supervised 
probation, the evidence was insufficient. The State did not dispute the facts 
that the rifle was unmodified or that Farthing was not on supervised probation. 
Instead, the State argued that Farthing was unlawfully in possession of the 
rifle by virtue of the language "any other dangerous or deadly firearm" 
contained in Section 1283(A). After a hearing, the Honorable Bill Welch granted 
the defendant's motion and dismissed the charge in Count 2. By agreement of the 
parties, the trial court continued the trial. 
¶3 The State appeals raising one proposition of error: 
The trial court erred in granting the Motion to Quash and Dismissing Count 
Two: Possession of a Firearm After Former Conviction of a Felony, 
21 O.S. Supp. 2012, § 
1283 (A).
After thorough consideration of the entire record before us, including the 
original record, transcripts and briefs, we find that the State's appeal should 
be granted.
¶4 The trial court's decision on a motion to quash is reviewed for an abuse 
of discretion. State v. Delso, 2013 OK CR 5, ¶ 5, 298 P.3d 1192, 1194. An abuse of discretion is any 
unreasonable or arbitrary action taken without proper consideration of the facts 
and law pertaining to the issue; a clearly erroneous conclusion and judgment, 
clearly against the logic and effect of the facts. Neloms v. State, 
2012 OK CR 7, ¶ 35, 274 P.3d 161, 170. In determining whether the trial 
court abused its discretion, we begin with the language of Section 1283(A) of 
Title 21, the statute under which Farthing was charged in Count 2. Subsection A 
states: 
Except as provided in subsection B of this section, it shall be unlawful for 
any person convicted of any felony in any court of this state or of another 
state or of the United States to have in his or her possession or under his or 
her immediate control, or in any vehicle which the person is operating, or in 
which the person is riding as a passenger, or at the residence where the 
convicted person resides, any pistol, imitation or homemade pistol, altered air 
or toy pistol, machine gun, sawed-off shotgun or rifle, or any other dangerous 
or deadly firearm.
21 O.S.Supp.2012, § 
1283(A). We are called upon to decide if an unmodified rifle is a "dangerous 
or deadly firearm" such that it falls within the proscription of Section 
1283(A).
¶5 It is a fundamental principle in statutory construction that we must 
ascertain and give effect to the intention of the Legislature. State v. 
Stice, 2012 OK CR 
14, ¶ 11, 288 P.3d 
247, 250. Legislative intent is to be determined first by the plain and 
ordinary language of the statute. Johnson v. State, 2013 OK CR 12, ¶ 10, 308 P.3d 1053, 1055. "A statute should be given a 
construction according to the fair import of its words taken in their usual 
sense, in conjunction with the context, and with reference to the purpose of the 
provision." Id. When the plain and ordinary language of a statute is 
unambiguous, resort to additional rules of construction is unnecessary. 
Barnard v. State, 2005 OK CR 13, ¶ 7, 119 P.3d 203, 205-06. We must hold a statute to mean 
what it plainly expresses and cannot resort to interpretive devices to fabricate 
a different meaning. Johnson, 2013 OK CR 12, ¶ 10, 308 P.3d at 1055. 
¶6 In the trial court and now on appeal, Farthing contends that our decision 
in Marr, 1973 OK CR 
342, 513 P.2d 
324, controls our analysis. In that case we held that the possession of a 
.22 caliber rifle by a convicted felon was not proscribed by Section 1283. 
Marr, 1973 OK CR 
342, ¶ 6, 513 P.2d at 326, overruled in part on other grounds, Williams 
v. State, 1990 OK CR 
39, ¶ 6, 794 P.2d 
759, 763; Chapple v. State, 1993 OK CR 38, ¶ 18, 866 P.2d 1213, 1217. At the time of Marr, Section 
1283 read as follows:
It shall be unlawful for any person having previously been convicted of any 
felony in any court of a state or the United States to carry on his person, or 
in any vehicle which he is operating, or in which he is riding as a passenger, 
any pistol, imitation or homemade pistol, machine gun, sawed-off shotgun or 
rifle, or any other dangerous or deadly firearm which could be as easily 
concealed on the person, in personal effects or in an automobile, as a sawed-off 
shotgun.
Marr, 1973 OK CR 
342, ¶ 6, 513 P.2d at 326 (emphasis added). Because the plain language of the 
statute did not prohibit the possession of any and all dangerous or deadly 
firearms, but only those which could be as easily concealed as a sawed-off 
shotgun, we concluded that Section 1283 did not prohibit a convicted felon from 
possessing an unmodified rifle. Marr, 1973 OK CR 342, ¶ 7, 513 P.2d at 326. In 2005, the Legislature 
broadened the application of Section 1283(A) by removing the language 
referencing easy concealment which previously narrowed the class of dangerous or 
deadly firearms proscribed by law. 21 O.S.Supp.2005, § 1283(A). As this language 
controlled our decision in Marr, these statutory amendments effectively 
supersede the decision and it cannot now control our determination. 
¶7 Under the plain and ordinary language of the current statute, a rifle is a 
dangerous or deadly firearm. Section 1289.4 of the Oklahoma Firearms Act defines 
a rifle as "any firearm capable of discharging a projectile composed of any 
material which may reasonably be expected to be able to cause lethal injury ." 
21 O.S.2011, § 
1289.4. In making its decision, the trial court agreed that a rifle is a 
dangerous or deadly weapon. On appeal Farthing concedes this as well, noting 
that it falls within the "literal" language of the statute. Nonetheless, the 
trial court concluded that despite the plain and ordinary language of the 
statute, a rifle cannot be included as a "dangerous or deadly firearm." To reach 
this contrary result, the court relied upon canons of construction. Looking to 
Subsection C of Section 1283 and applying the canon expressio unius est 
exclusio alterius, the trial court reasoned that because the Legislature 
expressly referenced "rifle" within Subsection C, it must not have intended to 
include it within the ambit of Subsection A. However, use of such tools of 
statutory construction is proper only when there is ambiguity in the language of 
the statute. Here there is none and, thus, we are bound by the Legislative 
intent as expressed through the plain language of the statute. Use of canons of 
construction to fabricate a different result is improper. 
¶8 Our conclusion that a rifle is a "dangerous or deadly firearm" within the 
proscription of Section 1283(A) is supported by the general purpose of the 
statute which "is designed to prevent people of demonstrated irresponsibility 
from possessing instruments of death, or as [a] device of aggressive law 
violation." Renfro v. State, 1962 OK CR 58, ¶ 20, 372 P.2d 45, 50. Just as any other firearm 
specifically referenced in Section 1283(A), the Legislature has recognized that 
rifles may be used in the commission of crimes and has expressly included them 
in the category of firearms for which a person may be criminally charged when a 
rifle is used during the commission of a felony. 21 O.S.Supp.2012, § 1287; 21 O.S.2011, § 1287.1. To guard against this 
danger, the Legislature has provided that only those persons who have previously 
been convicted of a non-violent felony offense and received a full pardon 
therefor, may be restored of their right to "possess any firearm or 
other weapon prohibited by subsection A [of Section 1283]." 
21 O.S.Supp.2012, § 
1283(B) (emphasis added). 
¶9 Not only does the plain language and general purpose of Section 1283 
compel the conclusion that a convicted felon may not lawfully possess a rifle, 
but other statutes support this view. We may consider these statutes in 
determining legislative intent and the proper construction to be given to a 
statute in light of the consequences of any particular interpretation. 
Stice, 2012 OK CR 
14, ¶ 11, 288 P.3d at 250. On this point, three statutes are particularly 
instructive. Section 1289.12 of Title 21 makes it a misdemeanor offense for "any 
person within this state to knowingly sell, trade, give, transmit or otherwise 
cause the transfer of rifles, shotguns or pistols to any convicted 
felon or an adjudicated delinquent." 21 O.S.Supp.2012, § 1289.12 (emphasis added). The 
Legislature has further proscribed parents and guardians from knowingly allowing 
the possession of a rifle by a minor child who has either been adjudicated as 
delinquent or convicted as an adult. 21 O.S.Supp.2012, § 1273(B). Section 1289.7 of 
Title 21 directs the manner in which firearms may be transported in a motor 
vehicle; in each instance, the Legislature used the following language: "Any 
person, except a convicted felon, may transport in a motor vehicle a 
rifle." 21 O.S.Supp.2012, § 
1289.7 (emphasis added). These statutes make it clear that a convicted felon 
may not purchase or receive a rifle by any means of trade or transfer; nor may a 
convicted felon transport a rifle in a motor vehicle. It is quite anomalous to 
suggest that a convicted felon may not come into lawful possession of a rifle 
but, should he come into unlawful possession of the same firearm, he may benefit 
from his ill-gotten gains by escaping the criminal law so long as he does not 
transport the firearm by motor vehicle. There can be no doubt the Legislature 
did not intend such an absurd consequence. 
¶10 The trial court's determination that the evidence presented by the State 
at preliminary hearing was insufficient was based on its reasoning that a rifle 
was not a "dangerous or deadly firearm" and the State's evidence failed to show 
that the rifle was sawed-off. This conclusion was an unreasonable action taken 
without proper consideration of the facts and law pertaining to the issue and, 
therefore, the trial court abused its discretion in granting Farthing's motion 
to quash for insufficient evidence. 
DECISION
¶11 The decision by the District Court of LeFlore County sustaining the 
Defendant's Motion to Quash and dismissing Count Two of the State's Information, 
Possession of a Firearm after Former Conviction of a Felony, is REVERSED 
and the case is REMANDED to the District Court for further proceedings 
consistent with this opinion. Pursuant to Rule 3.15, Rules of the Oklahoma 
Court of Criminal Appeals, Title 22, Ch.18, App. (2014), the MANDATE 
is ORDERED issued upon the delivery and filing of this decision.
AN APPEAL FROM THE DISTRICT COURT OF LEFLORE COUNTY
THE 
HONORABLE BILL WELCH, ASSOCIATE DISTRICT JUDGE, SITTING BY ASSIGNMENT


 ATTORNEYS AT MOTION HEARING DOUGLAS W. SCHMUCK
P.O. BOX 1235
POTEAU, OK 74953
COUNSEL FOR 
 DEFENDANT
 
 MARION D. FRY
First ASSISTANT DISTRICT ATTORNEY
LEFLORE CO. 
 DISTRICT ATTORNEY
100 S. BROADWAY ST. ROOM 300
POTEAU, OK 
 74953
COUNSEL FOR STATE
 
 ATTORNEYS ON APPEAL
 DOUGLAS W. SCHMUCK
P.O. BOX 1235
POTEAU, OK 74953
COUNSEL 
 FOR APPELLEE
 
 MARION D. FRY
FIRST ASSISTANT DISTRICT ATTORNEY
LEFLORE CO. 
 DISTRICT ATTORNEY
100 S. BROADWAY ST. ROOM 300
POTEAU, OK 
 74953
COUNSEL FOR 
APPELLANT/STATE
OPINION BY: Smith, V.P.J.
Lewis, P.J.: CONCUR
Lumpkin, J.: 
CONCUR
C. Johnson, J.: CONCUR
A. Johnson, J.: 
CONCUR




 Citationizer© Summary of Documents Citing This Document
Cite
 Name
 Level
 None Found.
Citationizer: Table of Authority
Cite
 Name
 Level
 Oklahoma Court of Criminal Appeals Cases Cite
Name
Level 1990 OK CR 39, 794 P.2d 759, WILLIAMS v. STATE
Discussed 1993 OK CR 38, 866 P.2d 1213, CHAPPLE v. STATE
Discussed 2005 OK CR 13, 119 P.3d 203, BARNARD v. STATE
Discussed 2012 OK CR 7, 274 P.3d 161, NELOMS v. STATE
Discussed 2012 OK CR 14, 288 P.3d 247, STATE v. STICE
Discussed at Length 2013 OK CR 5, 298 P.3d 1192, STATE v. DELSO
Discussed 2013 OK CR 12, 308 P.3d 1053, JOHNSON v. STATE
Discussed at Length 1962 OK CR 58, 372 P.2d 45, RENFRO v. STATE
Discussed 1973 OK CR 342, 513 P.2d 324, MARR v. STATE
Discussed at Length
Title 21. Crimes and Punishments Cite
Name
Level 21 O.S. 1287.1, Penalty Enhancement for Weapon Possession
Cited 21 O.S. 421, Conspiracy - Definition - Punishment
Cited 21 O.S. 1273, Allowing Minors to Possess Firearms
Cited 21 O.S. 1283, Convicted Felons and Delinquents
Discussed at Length 21 O.S. 1287, Use of Firearm While Committing a Felony
Cited 21 O.S. 1289.4, Definition of Rifles
Cited 21 O.S. 1289.7, Firearms in Vehicles
Cited 21 O.S. 1289.12, Giving Firearms to Convicted Persons
Cited 21 O.S. 1713, Receiving Stolen Property - Reasonable Inquiry Required
Cited
Title 22. Criminal Procedure Cite
Name
Level 22 O.S. 504.1, Motion to Quash for Insufficient Evidence
Cited