**Doyle Wayne ANDERSON, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. A–17980.**

Court of Criminal Appeals of Oklahoma.

July 18, 1973.

Arthur B. Lofton, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Michael Cauthron, Asst. Atty. Gen., Daniel J. Gamino, Legal Intern, for appellee.

OPINION

BLISS, Presiding Judge:

Doyle Wayne Anderson, appellant, hereinafter referred to as defendant, entered a plea of guilty in the District Court of Tulsa County, Oklahoma, Case No. CRF–70–2185, to the offense of Grand Larceny. Judgment and sentence was deferred for a period of two years. Thereafter, the trial court, after due notice and a hearing, entered a judgment of guilt and sentenced the defendant to a term of two (2) years imprisonment in the state penitentiary. From said judgment and sentence, an appeal has been perfected to this Court.

The record in the instant case reveals that as part of the defendant's conditions for a deferred sentence, he would abide by a 10:00 p. m. curfew Sunday through Friday and a 12:00 o'clock midnight curfew on Saturday and that he would refrain from violation of any city, state, or federal law and that he would not change his ad-

dress or employment without first consulting the Probation and Parole Officer.

Briefly stated, at the hearing Walter Epps testified that he owned Omega Manufacturing and Supply Company located in Bixby, Oklahoma. On September 27, 1972, his office was broken into and an IBM electric typewriter, two portable radios, and a briefcase were taken.

James Sweeden testified that on September 18, 1972, he was employed as a foreman for Pay Jack Manufacturing Company and on that date several items of equipment were stolen. Sweeden could not determine how entry was made into the building.

Ernest Downing testified that two bicycles were stolen from his garage on or about September 27, 1972. The bicycles were later returned to Mr. Downing by one Tommy Hall.

Susan Downing, daughter of Ernest Downing, testified to substantially the same facts as her father.

Danny Martin Cox testified that on September 27, 1972, at approximately 8:30 p. m., the defendant, himself, Tony Hall and Mike Gamble broke into the Omega Manufacturing and Supply Company. They removed a typewriter, two radios and a briefcase from the building. Cox further testified that on September 18, 1972, he and the defendant broke into the Pay Jack Manufacturing Company and removed several articles of equipment from the building. On September 27, 1972, the defendant, himself, and Tommy Hall took two bicycles from Ernest Downing's house.

Willard Thompson, Probation Officer for District Number 2, Tulsa County, testified he was defendant's probation officer. He further testified that the defendant failed to fulfill two conditions of his probation by violating curfew and changing his residence from his parents' house without reporting the change.

Dale Scott, Police Chief for the City of Bixby, Oklahoma, testified that he had personally attempted to locate the defendant at his parents' house on several occasions, but was unable to find the defendant at his parents' house. He further testified that he had observed the defendant on several occasions during the week in the City of Bixby after the hour of 10:00 p. m.

Dr. William C. Lantz, Jr., Director, Consultation and Education, Tulsa Psychiatric Clinic, testified in the defendant's behalf. Dr. Lantz testified that he had interviewed the defendant and concluded that the defendant seemed willing to accept counsel and that counselling might be beneficial to the defendant.

Mrs. Roy Anderson, mother of the defendant, testified that the defendant always kept his clothes at the family residence, but that sometimes a number of days would pass when she would not see him. She testified that sometimes defendant would not get home until after curfew.

Under defendant's first proposition, he contends the State failed to meet its burden of proof and that it did not present competent evidence that the petitioner failed to meet the terms and conditions of his probation. The defendant contends under this proposition that the only evidence presented by the State was the uncorroborated testimony of an alleged accomplice and certain other non-incriminating testimony which was presented to the court after a violation of the court ordered sequestration rule.

 In the case of Frick v. State, Okl. Cr., 509 P.2d 135, this Court stated:

"Although due process requires a hearing, due notice, the right to confront accusers and the right to counsel, acceleration is left to the discretion of the trial court after hearing all the evidence. The same standard of proof is not required for an acceleration of a deferred sentence as is required for a conviction or revocation of suspended sentence. The determination of the issue of a violation of probation must be left to the trial court, and said court's order of acceleration will not be reversed by this Court

unless there is an abuse of discretion reflected in the record. In the instant case if there were an absence of corroborating evidence, there would still be competent evidence to justify the acceleration."

Therefore, in the instant case even if there were an absence of corroborating evidence, the accomplice's testimony would still be competent evidence and sufficient to justify the acceleration of defendant's deferred sentence. We therefore find no abuse of discretion by the trial court.

As to the defendant's contention that there was a violation of the court ordered sequestration rule, this Court has diligently searched the record and cannot find where the court ordered the sequestration rule invoked, nor can we find where the defendant ever raised any objection to a violation of the rule of sequestration of witnesses or brought any violation to the court's attention if the rule was in fact invoked. We therefore find no merit to this proposition.

Defendant next asserts that the trial court was without jurisdiction to enter a judgment of guilt and proceed with sentencing on December 14, 1972.

It is the defendant's contention that the trial court lost jurisdiction by reason of the defendant's two year deferred sentence had expired on the date of the hearing, which was December 14, 1972. The record reveals that the trial court, apparently upon his own motion, had the defendant brought before him on November 10, 1972, at which time he released the Probation Office from their supervision of the defendant and set a five thousand dollar ($5,000) bond and told the defendant to reappear for sentencing on November 17, 1972. On November 17, 1972, sentencing was passed by agreement of the parties until December 14, 1972.

It is our opinion, and we so hold, that a deferred sentence begins to run on the date the sentence is imposed and when the defendant executes the rules and conditions of the deferred sentence. The record reveals in the instant case that the defend-

ant's deferred sentence was imposed on December 17, 1970. Therefore, all hearings concerning the acceleration of the defendant's deferred sentence were held prior to December 17, 1972. Further, we do not deem it necessary for the State to file an application to accelerate sentencing as 22 O.S.1971, § 991c, provides in part:

"Upon violation of the conditions of probation, the court may enter a judgment of guilt and proceed as provided in Section 1 of this act."

After a careful review of the record, this Court holds that the trial court did not abuse this discretion in accelerating the imposition of judgment and sentence; that said accelerated sentence was not excessive and that the accelerated imposition of judgment and sentence is affirmed.

BUSSEY, J., concurs.