Tommy L. LINSCOME, a/k/a Tommy Ray Linscome and Tommy Franklin Linscome, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. 0-77-882.

Court of Criminal Appeals of Oklahoma.

Sept. 12, 1978.

As Amended Sept. 18, 1978.

Rex K. Travis, and James K. Campbell, Legal Intern, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., Danny K. Shadid, Legal Intern, for appellee.

## OPINION

CORNISH, Judge:

Tommy L. Linscome, also known as Tommy Ray Linscome and Tommy Franklin Linscome, has appealed the revocation of a suspended sentence by the District Court, Oklahoma County, Case No. CRF–75–1091. In 1975 he was convicted of Forgery in the Second Degree. The sentence of three (3) years in the State penitentiary was suspended. In 1977 the District Court, Oklahoma County, revoked that suspension and ordered the appellant committed to the Oklahoma Department of Corrections. We reverse.

The appellant's only assignment of error is that the District Court erred in issuing a revocation order based on a judgment and sentence which was not yet final. In 1977 the appellant was charged in the District Court, Oklahoma County, with Larceny of Merchandise From a Retailer, After Former Conviction of a Felony. A trial was held and the appellant was convicted. On the same day as the trial, the instant revocation hearing was held. (The appellant had waived the preliminary hearing on the revocation.) The State presented no evidence, but cited the conviction earlier in the day as the basis for the revocation.

The appellant correctly cites *Stoner v. State*, Okl.Cr., 566 P.2d 142 (1977), for the proposition that a suspended sentence cannot be revoked solely on the basis of a subsequent conviction which has not become final. The State contends that the instant case is different, however, since the same judge who heard the revocation hearing had earlier the same day heard the evidence which resulted in the conviction for Larceny of Merchandise From a Retailer. Thus, the State argues, the revocation was not based on the conviction obtained earlier in the day, but on the *evidence* heard by the judge earlier in the day.

In effect, the State is asking us to hold that a judge may, in the course of one hearing, take notice of evidence presented before him or her in another hearing, when the parties in the present hearing have not stipulated to that evidence. We cannot make this holding.

The principle underlying judicial notice is that some matters of fact are indisputable, so that there is no point in wasting court time by insisting that they be proven. In *Frazier v. State*, Okl.Cr., 267 P.2d 155 (1953), we discussed the issue of judicial notice. Drawing on *Varcoe v. Lee*, 180 Cal. 338, 181 P. 223 (1919), we recognized three requisites for proper judicial notice: First, the matter must be one of common knowledge (although it does not have to be universally known); second, the matter must be settled beyond doubt—if there is any uncertainty about the matter then evidence must be taken; and third, the knowledge must exist within the jurisdiction of the court.

Concerning the second factor, no matter that has been put in issue by the pleadings can be considered undisputed for purposes of judicial notice. In the instant case, the application to revoke the suspended sentence put into issue the question of whether the appellant had violated the terms of his suspended sentence by committing the offense of Larceny of Merchandise From a Retailer. The State was obligated to prove the facts it had pled, and the appellant did not stipulate to the evidence presented in the trial held earlier the same day. Therefore, it was error for the trial court to take judicial notice of that evidence.

For that reason the order of the District Court, Oklahoma County, revoking the appellant's suspended sentence must be *VACATED*. The case is hereby *REMANDED* to the District Court for further proceedings consistent with this opinion.

BUSSEY, P. J., and BRETT, J., concur.