**Robert K. EDWARDS, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. M–87–345.

Court of Criminal Appeals of Oklahoma.

Dec. 22, 1987.

Wesley R. Thompson, Sapulpa, for appellant.

Robert H. Henry, Atty. Gen., M. Caroline Emerson, Asst. Atty. Gen., and Randy J. Malone, Legal Intern, Oklahoma City, for appellee.

**OPINION**

BUSSEY, Judge:

Robert K. Edwards, the appellant, entered pleas of nolo contendere to the crimes of Embezzlement of Rented Property and Obtaining Cash or Merchandise by Means of a False or Bogus Check in District Court of Kay County Case Nos. CRF–85–268 and CRM–85–336. He received deferred sentences of two (2) years' imprisonment and six (6) months' imprisonment, respectively, on January 17, 1986.

Prior to and during the time the above criminal charges were pending, the company owned by the appellant and his brother entered into a joint venture with some Oklahoma City investors to build a natural gas pipeline. The investors were to supply funds to pay for the project while the appellant's company was to provide the labor and construction materials for the project. At about the time the appellant entered his pleas to the above charges, the investors refused to forward funds necessary to cover checks the appellant had written on his company account. Several checks did not clear the bank, due to insufficient funds. While the appellant was able to cover most of those checks with his personal funds, four checks were turned over to the District Attorney for Kay County, who had prosecuted the above charges. Upon learning that the appellant had again written checks that were not backed by sufficient funds, the District Attorney filed an application to accelerate the deferred sentences in Case No. CRF–85–263 and CRM–85–336. A hearing was held, at the close of which the trial court ruled that the appellant had violated the condition of his deferred sentences, and ordered that he serve the terms of incarceration specified in the above cases. The appellant appeals that order of the District Court of Kay County accelerating his deferred sentences, raising four assignments of error.

As his first assignment of error, the appellant argues that the application filed by the District Attorney did not set forth the necessary grounds to accelerate the sentence. We must disagree.

The State is not required to file such an application. *Anderson v. State,* 512 P.2d 1387 (Okl.Cr.1973). However, if a defendant's deferred sentence is near expiration, an application to accelerate must be filed prior to the expiration of the deferred sentence before the trial court will have jurisdiction to hear the application after the expiration date. See *State v. Rodriquez,* 547 P.2d 974 (Okl.Cr.1976). Due Process requires that an application to revoke a suspended sentence allege sufficient facts to put the defendant on notice of the reasons for the application and sufficient facts necessary to allow him to prepare a meaningful defense. See e.g. *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed. 2d 656 (1973); *Lennox v. State,* 674 P.2d 1146 (Okl.Cr.1984). We think it obvious that the same standard would apply to an application to accelerate a deferred sentence.

Here, the application in question simply stated that the appellant had been charged "with the offense of Obtaining Cash and/or Merchandise by Bogus Check in Kay County, Case No. CRF–86–90 on the 17th day of March, 1986." Clearly, the felony information in Case No. CRF–86–90 was incorporated by reference in the application. This is sufficient to meet Due Process requirements. In fact, the record makes it abundantly clear that the appellant had been sufficiently informed of the allegations against him and did put on a meaningful defense. This assignment of error is without substance and is meritless.

■ Next, the appellant argues that there were no terms and conditions of probation imposed upon him when he received his deferred sentences and, therefore, the trial judge erred in concluding that he had violated those terms. The record, however, conclusively rebuts this allegation. On its face, the record shows that the **ONLY** condition of the appellant's deferred sentence was that he not commit any further violations of law. We think it ludicrous to suggest that the appellant would not know that passing a bogus check would be a violation of the law. This assignment has no merit.

■ As his third assignment of error, the appellant states that the trial court abused its discretion in accelerating the deferred sentences because all of the counts in Case No. CRF–86–90 were either dismissed or the appellant was subsequently found not guilty at trial. In his fourth assignment, the appellant shows this Court that two counts were dismissed, and that the appellant was, in fact, found not guilty on the other two counts; all of which were the basis for the District Attorney's application to accelerate.

■ The fact that the appellant was subsequently found not guilty of the charges is of little relevance here. At trial, the burden of proof on the State is much stronger than the burden of proof at an acceleration proceeding. See e.g. *Evans v. State,* 609 P.2d 784, 785 (Okl.Cr.1980); *Beller v. State,* 597 P.2d 338 (Okl.Cr.1979); *Gill v. State,* 521 P.2d 407 (Okl.Cr.1974). Therefore, the true issue raised is whether there was evidence presented which tended to show, by a preponderance of that evidence, that the appellant obtained, or attempted to obtain any money or thing of value by means of a false or bogus check.

The statute under which the appellant was charged in Count IV of CRF–86–90 states, in pertinent part:

"Every person who, with the intent to cheat and defraud, shall obtain or attempt to obtain ... any money, property or valuable thing, of a value less than fifty dollars ($50.00) ... by means or use of any false or bogus checks, shall be guilty of a misdemeanor...." 21 O.S. Supp.1986, § 1541.1.

Section 1541.2 of that title provided the basis for the charges in counts I–III of Case No. CRF–86–90, and makes it a felony to so obtain cash or property that has a value in excess of fifty dollars ($50.00). Evidence, which is unrebutted, shows that the appellant signed checks that were dishonored for insufficient funds or because the account had been closed at the time of presentment. That evidence also shows that the appellant failed to cover those checks within five days after the drawee refused payment. The State clearly

presented an unrebutted prima facie case that the appellant had violated the applicable statute. See e.g. *Penn v. State,* 684 P.2d 562 (Okl.Cr.1984). As to count three, there is also evidence, which is contradicted by the appellant's testimony, that the appellant instructed his secretary to pay for the repair of office equipment with a check that he knew was worthless.

The appellant's secretary testified at the preliminary hearing in Case No. CRF–86–90, that the appellant had instructed her to reclaim a typewriter that had been repaired by giving the repair company a worthless sixty dollar ($60.00) check. She was to do this early in the morning; take the typewriter to a person who had agreed to purchase it; then take the proceeds back to the repairman; pay cash for the repairs and recover the worthless check before it had been put through the banking channels. The secretary further testified that instead of returning to the repair shop, she kept the money herself. At the acceleration hearing, she testified that she had lied at the preliminary hearing in CRF–86–90, and that she had been instructed to pay for the repairs with the bogus check.

We are of the opinion that the appellant's criminal intent was brought into serious question by the inconsistent testimony of the secretary. Further, we are troubled by the fact that there is no other evidence in this record that the appellant had the requisite intent specified in 21 O.S.Supp.1986, § 1541.1 et.seq. The trial judge recognized this insufficiency himself when he stated:

> "[T]he question largely boils down to what [the appellant] intended, and that's where the main difficulty lies.... I think that as one who does not lack experience in business, what happened here, to me, comes across as at least a reckless disregard of the consequences of simply taking on face what the books showed and surely someone under a deferred sentence has some duty to check the primary source, namely, the bank account, to see what is going on in the situation. He did not do that."

The judge then discussed the secretary's testimony and concluded that she was the most credible, despite her prior inconsistent testimony.

We are unable to conclude that this evidence of criminal intent rises to the preponderance of the evidence standard. We agree with the trial judge that the appellant should have had knowledge that the check in question would be dishonored. We cannot conclude however, from this evidence, that the appellant had the criminal intent to defraud. Nor do we believe that reckless disregard rises to the level of criminal intent.

Accordingly, the order accelerating the appellant's deferred sentence is REVERSED. The cause is REMANDED to the trial court with instructions that the appellant's deferred sentences in Case No. CRF–85–268 and CRM–85–336 be reinstated. We would further expect that sufficient conditions of probation be imposed to insure that the appellant's reckless behavior not be repeated in the future.

BRETT, P.J., and PARKS, J., concur.