2014 OK CR 4

**The STATE of Oklahoma, Appellant,**

v.

**Willie Leon FARTHING, Appellee.**

**No. S–2013–1022.**

Court of Criminal Appeals of Oklahoma.

April 28, 2014.

Douglas W. Schmuck, Poteau, OK, counsel for defendant at motion hearing.

Marion D. Fry, First Assistant District Attorney, LeFlore Co. District Attorney, Poteau, OK, counsel for State at motion hearing.

Douglas W. Schmuck, Poteau, OK, counsel for appellee on appeal.

Marion D. Fry, First Assistant District Attorney, LeFlore Co. District Attorney, Poteau, OK, counsel for Appellant/State on appeal.

### SUMMARY OPINION

SMITH, Vice Presiding Judge.

¶ 1 Willie Leon Farthing is charged with one count of Concealing Stolen Property, After Former Conviction of Two or More Felonies in violation of 21 O.S.2011, § 1713 (Count 1), one count of Possession of a Firearm After Former Conviction of a Felony, After Former Conviction of Two or More Felonies in violation of 21 O.S.Supp.2012, § 1283(A) (Count 2), and Conspiracy to Commit a Felony, to wit, Burglary in the Second Degree, After Former Conviction of Two or More Felonies in violation of 21 O.S.2011, § 421 (Count 3), in the District Court of LeFlore County, Case No. CF–2013–42.

¶ 2 Farthing was bound over at preliminary hearing. The case came on for trial on October 28, 2013. On that date, Farthing filed a Motion to Quash and/or Suppress Arrest and Demurrer challenging the sufficiency of the evidence to support the charge of Possession of a Firearm After Former Conviction of a Felony. A defendant who files a motion to quash for insufficient evidence pursuant to Section 504.1 of Title 22 must establish, beyond the face of the Information, that there is insufficient evidence to prove any one of the elements of the crime with which he is charged. 22 O.S.2011, § 504.1(A). In the trial court, Farthing argued that under the language of Section 1283 and this Court's decision in *Marr v. State*, 1973 OK CR 342, 513 P.2d 324, the possession of an unmodified rifle by a convicted felon who is not on supervised probation is not proscribed. He argued that because the State's evidence presented at preliminary hearing did not establish that the rifle was sawed-off or that he was on supervised probation, the evidence was insufficient. The State did not dispute the facts that the rifle was unmodified or that Farthing was not on supervised probation. Instead, the State argued that Farthing was unlawfully in possession of the rifle by virtue of the language "any other dangerous or deadly firearm" contained in Section 1283(A). After a hearing, the Honorable Bill Welch granted the defendant's motion and dismissed the charge in Count 2. By agreement of the parties, the trial court continued the trial.

¶ 3 The State appeals raising one proposition of error:

> The trial court erred in granting the Motion to Quash and Dismissing Count Two: Possession of a Firearm After Former Conviction of a Felony, 21 O.S. Supp.2012, § 1283(A).

After thorough consideration of the entire record before us, including the original record, transcripts and briefs, we find that the State's appeal should be granted.

¶ 4 The trial court's decision on a motion to quash is reviewed for an abuse of discretion. *State v. Delso*, 2013 OK CR 5, ¶ 5, 298 P.3d 1192, 1194. An abuse of discretion is any unreasonable or arbitrary action taken without proper consideration of the facts and law pertaining to the issue; a clearly erroneous conclusion and judgment, clearly against the logic and effect of the facts. *Neloms v. State*, 2012 OK CR 7, ¶ 35, 274 P.3d 161, 170. In determining whether the trial court abused its discretion, we begin with the language of Section 1283(A) of Title 21, the statute under which Farthing was charged in Count 2. Subsection A states:

> Except as provided in subsection B of this section, it shall be unlawful for any person convicted of any felony in any court of this state or of another state or of the United States to have in his or her possession or under his or her immediate control, or in any vehicle which the person is operating, or in which the person is riding as a passenger, or at the residence where the convicted person resides, any pistol, imitation or homemade pistol, altered air or toy pistol, machine gun, sawed-off shotgun or

rifle, or any other dangerous or deadly firearm.

21 O.S.Supp.2012, § 1283(A). We are called upon to decide if an unmodified rifle is a "dangerous or deadly firearm" such that it falls within the proscription of Section 1283(A).

¶ 5 It is a fundamental principle in statutory construction that we must ascertain and give effect to the intention of the Legislature. *State v. Stice*, 2012 OK CR 14, ¶ 11, 288 P.3d 247, 250. Legislative intent is to be determined first by the plain and ordinary language of the statute. *Johnson v. State*, 2013 OK CR 12, ¶ 10, 308 P.3d 1053, 1055. "A statute should be given a construction according to the fair import of its words taken in their usual sense, in conjunction with the context, and with reference to the purpose of the provision." *Id.* When the plain and ordinary language of a statute is unambiguous, resort to additional rules of construction is unnecessary. *Barnard v. State*, 2005 OK CR 13, ¶ 7, 119 P.3d 203, 205–06. We must hold a statute to mean what it plainly expresses and cannot resort to interpretive devices to fabricate a different meaning. *Johnson*, 2013 OK CR 12, ¶ 10, 308 P.3d at 1055.

¶ 6 In the trial court and now on appeal, Farthing contends that our decision in *Marr*, 1973 OK CR 342, 513 P.2d 324, controls our analysis. In that case we held that the possession of a .22 caliber rifle by a convicted felon was not proscribed by Section 1283. *Marr*, 1973 OK CR 342, ¶ 6, 513 P.2d at 326, *overruled in part on other grounds*, *Williams v. State*, 1990 OK CR 39, ¶ 6, 794 P.2d 759, 763; *Chapple v. State*, 1993 OK CR 38, ¶ 18, 866 P.2d 1213, 1217. At the time of *Marr*, Section 1283 read as follows:

It shall be unlawful for any person having previously been convicted of any felony in any court of a state or the United States to carry on his person, or in any vehicle which he is operating, or in which he is riding as a passenger, any pistol, imitation or homemade pistol, machine gun, sawed-off shotgun or rifle, or any other dangerous or deadly firearm *which could be as easily concealed on the person, in personal effects or in an automobile, as a sawed-off shotgun . . . .*

*Marr*, 1973 OK CR 342, ¶ 6, 513 P.2d at 326 (emphasis added). Because the plain language of the statute did not prohibit the possession of any and all dangerous or deadly firearms, but only those which could be as easily concealed as a sawed-off shotgun, we concluded that Section 1283 did not prohibit a convicted felon from possessing an unmodified rifle. *Marr*, 1973 OK CR 342, ¶ 7, 513 P.2d at 326. In 2005, the Legislature broadened the application of Section 1283(A) by removing the language referencing easy concealment which previously narrowed the class of dangerous or deadly firearms proscribed by law. 21 O.S.Supp.2005, § 1283(A). As this language controlled our decision in *Marr*, these statutory amendments effectively supersede the decision and it cannot now control our determination.

¶ 7 Under the plain and ordinary language of the current statute, a rifle is a dangerous or deadly firearm. Section 1289.4 of the Oklahoma Firearms Act defines a rifle as "any firearm capable of discharging a projectile composed of any material which may reasonably be expected to be able to cause lethal injury . . . ." 21 O.S.2011, § 1289.4. In making its decision, the trial court agreed that a rifle is a dangerous or deadly weapon. On appeal Farthing concedes this as well, noting that it falls within the "literal" language of the statute. Nonetheless, the trial court concluded that despite the plain and ordinary language of the statute, a rifle cannot be included as a "dangerous or deadly firearm." To reach this contrary result, the court relied upon canons of construction. Looking to Subsection C of Section 1283 and applying the canon *expressio unius est exclusio alterius*, the trial court reasoned that because the Legislature expressly referenced "rifle" within Subsection C, it must not have intended to include it within the ambit of Subsection A. However, use of such tools of statutory construction is proper only when there is ambiguity in the language of the statute. Here there is none and, thus, we are bound by the Legislative intent as expressed through the plain language of the statute. Use of canons of con-

struction to fabricate a different result is improper.

¶ 8 Our conclusion that a rifle is a "dangerous or deadly firearm" within the proscription of Section 1283(A) is supported by the general purpose of the statute which "is designed to prevent people of demonstrated irresponsibility from possessing instruments of death, or as [a] device of aggressive law violation." *Renfro v. State*, 1962 OK CR 58, ¶ 20, 372 P.2d 45, 50. Just as any other firearm specifically referenced in Section 1283(A), the Legislature has recognized that rifles may be used in the commission of crimes and has expressly included them in the category of firearms for which a person may be criminally charged when a rifle is used during the commission of a felony. 21 O.S.Supp.2012, § 1287; 21 O.S.2011, § 1287.1. To guard against this danger, the Legislature has provided that only those persons who have previously been convicted of a non-violent felony offense and received a full pardon therefor, may be restored of their right to "possess *any firearm or other weapon prohibited by subsection A* [of Section 1283].... " 21 O.S.Supp.2012, § 1283(B) (emphasis added).

¶ 9 Not only does the plain language and general purpose of Section 1283 compel the conclusion that a convicted felon may not lawfully possess a rifle, but other statutes support this view. We may consider these statutes in determining legislative intent and the proper construction to be given to a statute in light of the consequences of any particular interpretation. *Stice*, 2012 OK CR 14, ¶ 11, 288 P.3d at 250. On this point, three statutes are particularly instructive. Section 1289.12 of Title 21 makes it a misdemeanor offense for "any person within this state to knowingly sell, trade, give, transmit or otherwise cause the transfer of *rifles,* shotguns or pistols to *any convicted felon* or an adjudicated delinquent.... " 21 O.S.Supp. 2012, § 1289.12 (emphasis added). The Legislature has further proscribed parents and guardians from knowingly allowing the possession of a rifle by a minor child who has either been adjudicated as delinquent or convicted as an adult. 21 O.S.Supp.2012, § 1273(B). Section 1289.7 of Title 21 directs

the manner in which firearms may be transported in a motor vehicle; in each instance, the Legislature used the following language: "Any person, *except a convicted felon,* may transport in a motor vehicle a *rifle*.... " 21 O.S.Supp.2012, § 1289.7 (emphasis added). These statutes make it clear that a convicted felon may not purchase or receive a rifle by any means of trade or transfer; nor may a convicted felon transport a rifle in a motor vehicle. It is quite anomalous to suggest that a convicted felon may not come into lawful possession of a rifle but, should he come into unlawful possession of the same firearm, he may benefit from his ill-gotten gains by escaping the criminal law so long as he does not transport the firearm by motor vehicle. There can be no doubt the Legislature did not intend such an absurd consequence.

¶ 10 The trial court's determination that the evidence presented by the State at preliminary hearing was insufficient was based on its reasoning that a rifle was not a "dangerous or deadly firearm" and the State's evidence failed to show that the rifle was sawed-off. This conclusion was an unreasonable action taken without proper consideration of the facts and law pertaining to the issue and, therefore, the trial court abused its discretion in granting Farthing's motion to quash for insufficient evidence.

### DECISION

¶ 11 The decision by the District Court of LeFlore County sustaining the Defendant's Motion to Quash and dismissing Count Two of the State's Information, Possession of a Firearm after Former Conviction of a Felony, is **REVERSED** and the case is **REMANDED** to the District Court for further proceedings consistent with this opinion. Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2014), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

LEWIS, P.J., LUMPKIN, C. JOHNSON and A. JOHNSON, JJ.: concur.