OSCN Found Document:MILLS v. STATE

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 MILLS v. STATE
2024 OK CR 22
Case Number: F-2023-469
Decided: 08/15/2024
JACQUELINE MARJONNIE MILLS, Appellant v. THE STATE OF OKLAHOMA, Appellee

Cite as: 2024 OK CR 22, __ __

 

 

SUMMARY OPINION

ROWLAND, PRESIDING JUDGE:

¶1 Appellant Jaqueline Marjonnie Mills, through counsel, appeals from the acceleration of her deferred sentence in Tulsa County District Court Case No. CF-2019-5868. Appellant entered a blind plea of guilty to Robbery with a Dangerous Weapon, in violation of 21 O.S.2011, § 801 (Count 1), Trafficking in Illegal Drugs -Methamphetamine, in violation of 63 O.S.Supp.2019, § 2-415 (Count 2), Possession of a Firearm While in the Commission of a Felony, in violation 21 O.S.Supp.2012, § 1287 (Count 3), and Obstructing an Officer, in violation 21 O.S.Supp.2015, § 540 (Count 5). The trial court withheld a finding of guilt for Appellant to complete the Women In Recovery program.

¶2 Upon successful completion of the Women In Recovery program, Appellant was placed on a two year deferred sentence with the Department of Corrections until April 5, 2024.

¶3 The State filed an application to accelerate the judgment and sentence alleging Appellant committed the new crimes of felony murder first degree, use of a vehicle in the discharge of a weapon, and possession of a firearm while under the supervision of the Department of Corrections. After an acceleration hearing, Appellant's deferred sentence was accelerated and she was sentenced to life imprisonment on Count 1, twenty years imprisonment on Count 2, ten years imprisonment on Count 3, and one year in county jail on Count 5. All counts were ordered to run concurrently. Appellant appeals, raising the following propositions of error:

I. THE TRIAL COURT ABUSED ITS DISCRETION IN ACCELERATING MS. MILLS DEFERRED SENTENCE BECAUSE MS. MILLS WAS DENIED HER STATUTORY RIGHT TO AN EVIDENTIARY HEARING ON THE MERITS OF THE STATE'S APPLICATION TO ACCELERATE.

II. THE TRIAL COURT ABUSED ITS DISCRETION IN ACCELERATING MS. MILLS DEFERRED SENTENCE BECAUSE THE EVIDENCE RELIED UPON WAS INSUFFICIENT TO PROVE EACH ELEMENT OF THE ALLEGED OFFENSE.

¶4 The record in this case shows the State presented two pieces of evidence in support of its application to accelerate judgment and sentence. The first was the testimony of the Appellant, who was called as a witness by the State. The second was evidence presented at the preliminary hearing in Tulsa County District Court Case No. CF-2022-2673 held on May 7, 2023, before the Honorable Loretta Radford, Special Judge. At the acceleration hearing, the Honorable Dawn Moody, District Judge, took judicial notice of the preliminary hearing evidence over the defense's objection.

¶5 The Appellant testified she entered a plea of guilty in this case on April 6, 2022, and was placed on probation. She stated she was present for the preliminary hearing in CF-2022-2673, that she was the subject of the preliminary hearing, and that the alleged incident at issue in the preliminary hearing occurred in July 2022. No additional testimony was solicited by the State, and the defense did not cross-examine Appellant. All the additional evidence argued by the State in support of its application came from Judge Moody taking judicial notice of the preliminary hearing evidence.

¶6 A trial court's decision to accelerate a deferred sentence is reviewed for an abuse of discretion. Whitaker v. State, 2015 OK CR 1, ¶ 5, 341 P.3d 87, 89. "An abuse of discretion is any unreasonable or arbitrary action taken without proper consideration of the facts and law pertaining to the issue; a clearly erroneous conclusion and judgment, clearly against the logic and effect of the facts." State v. Farthing, 2014 OK CR 4, ¶ 4, 328 P.3d 1208, 1209.

¶7 A presiding judge, during one hearing, cannot take judicial notice of evidence presented before him or her in another hearing, when the parties in the present hearing have not stipulated to that evidence. Linscome v. State, 1978 OK CR 95, ¶ 4, 584 P.2d 1349, 1350. "[N]o matter that has been put in issue by the pleadings can be considered undisputed for purposes of judicial notice." Id., 1978 OK CR 95, ¶ 6, 584 P.2d at 1350.

¶8 This case is slightly different from Linscome because Judge Moody was not the presiding judge at the preliminary hearing in Case No. CF-2022-2673. The record shows she attended the preliminary hearing as a spectator, not in her capacity as a sitting judge. In the acceleration hearing, there was no stipulation between the parties to the preliminary hearing evidence. It was, in fact, the opposite. The Appellant strenuously objected to the trial court taking judicial notice of the preliminary hearing evidence on multiple grounds. Judge Moody indicated for the record that because she witnessed the preliminary hearing and reviewed the exhibits, she was able to consider all the evidence from the preliminary hearing in the acceleration hearing. We disagree. Without a stipulation by the parties, it was an abuse of discretion for Judge Moody to take judicial notice and consider any of the preliminary hearing evidence at the acceleration hearing.

¶9 So long as the defendant had an opportunity to cross-examine the witnesses, this Court has allowed the State to admit a transcript of a preliminary hearing at a revocation hearing and for the presiding judge to consider that evidence when deciding if there is sufficient, competent evidence to find a defendant has violated his or her probation. See Wortham v. State, 2008 OK CR 18, ¶ 15, 188 P.3d 201, 206. However, this case is distinguishable in that Judge Moody was a spectator at the preliminary hearing and was relying upon her observations and recollection of the preliminary hearing evidence, not a transcript of the proceedings. Furthermore, there is nothing contained in the record showing Judge Moody reviewed a transcript of the preliminary hearing either before or during the acceleration hearing and relied upon that transcript in making the court's finding.

¶10 "[A]t an acceleration hearing, the court only makes a factual determination involving the existence of a violation of the terms of the deferred sentence." Hagar v. State, 1999 OK CR 35, ¶ 10, 990 P.2d 894, 898. The factual determination need only be supported by a preponderance of the evidence. See Edwards v. State, 1987 OK CR 276, ¶ 8, 747 P.2d 968, 970. Where the State's application to accelerate is based on a claim the defendant committed a new offense, the State must present evidence of either a final judgment and sentence or sufficient evidence to show that the defendant committed each element of the offense. See Kern v. State, 1974 OK CR 54, ¶¶ 7-8, 521 P.2d 412, 415 (opinion on rehearing). Here, Appellant's testimony alone does not support a finding by a preponderance of the evidence that she committed the crimes alleged in the application. The State's application rests squarely on the preliminary hearing evidence Judge Moody took judicial notice of. Judge Moody abused her discretion by taking judicial notice of the evidence presented at the preliminary hearing and relying upon that evidence as the basis for the court's acceleration. Therefore, the evidence presented by the State fails to show by a preponderance of the evidence the commission of a new crime as alleged in the application to accelerate.

DECISION

¶11 The order of the District Court of Tulsa County accelerating Appellant's deferred judgment and sentence in Case No. CF-2019-5868 is REVERSED and VACATED. This matter is remanded to the Tulsa County District Court for further proceedings consistent with this opinion. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2024), the MANDATE is ORDERED issued upon delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY
THE HONORABLE DAWN MOODY, DISTRICT JUDGE

 

 
 
 
 APPEARANCES AT ACCELERATION

 KENDA MCINTOSH
 ABIGAIL PINK
 STILL SHE RISES, INC.
 608 EAST 46TH ST. NORTH
 TULSA, OK 74126
 COUNSEL FOR DEFENDANT

 KATIE KOLJACK
 ASST. DISTRICT ATTORNEY
 TULSA COUNTY COURTHOUSE
 500 SOUTH DENVER
 TULSA, OK 74103
 COUNSEL FOR STATE
 
 
 APPEARANCES ON APPEAL

 
 ARIEL PARRY
 APPELLATE DEFENSE COUNSEL
 11 N. PETERS AVE., SUITE 100
 NORMAN, OK 73069
 COUNSEL FOR APPELLANT

 GENTNER F. DRUMMOND
 ATTY. GENERAL OF OKLAHOMA
 JOSHUA R. FANELLI
 ASST. ATTORNEY GENERAL
 313 N.E. 21st STREET
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
 
 

 

OPINION BY: ROWLAND, P.J.
MUSSEMAN, V.P.J.: Concur
LUMPKIN, J.: Specially Concur
LEWIS, J.: Concur
HUDSON, J.: Concur

 

 

LUMPKIN, JUDGE: SPECIALLY CONCURRING

¶1 I fully agree with the Court's opinion in this matter. Defendants in criminal cases are assured separate independent decisions in each matter filed against them unless the defendant agrees or stipulates to consolidate multiple pending matters into one proceeding. This means that when a defendant presents himself or herself before a judge in a separate proceeding that judge must preside over the matter without any preconceived opinions regarding the evidence that must be presented by the State to meet its burden of proof.

¶2 In this case the judge assigned to preside over Appellant's acceleration of sentence hearing observed, as a spectator, the Appellant's preliminary hearing in the matter which formed the basis of the State's motion to accelerate. The judge used her observations of the preliminary hearing to make her decision to accelerate Appellant's deferred sentence, calling her observations judicial notice. No transcript of the preliminary hearing was introduced as evidence in the acceleration hearing and Appellant contested the acceleration. The judge's action in this case denied Appellant due process and brings the integrity and independence of the judicial process into question.

¶3 Judges have a responsibility to render independent decisions based only on the evidence actually presented in any hearing over which they preside. That did not take place in this case. What a judge might observe as a spectator in one case does not meet the legal requirements for judicial notice in another case. There are three requisites which must be satisfied before a court can take judicial notice of a matter: "First, the matter must be one of common knowledge (although it does not have to be universally known); second, the matter must be settled beyond doubt if there is any uncertainty about the matter then evidence must be taken; and third, the knowledge must exist within the jurisdiction of the court." Linscome v. State, 1978 OK CR 95, 584 P.2d 1349, 1350. In this case, Appellant clearly contested that she violated her deferred sentence conditions by committing a new crime. Thus, this matter was "not settled beyond doubt" as required by the second factor in Linscome and the trial court was obligated to take evidence on the matter.

¶4 Both the appearance of and the actual denial of due process infected this hearing. Reversal is required and I join in the court's decision.

 

 

 

 

 

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases

 
Cite
Name
Level

 
1987 OK CR 276, 747 P.2d 968, 
EDWARDS v. STATE
Discussed

 
1978 OK CR 95, 584 P.2d 1349, 
LINSCOME v. STATE
Discussed at Length

 
1974 OK CR 54, 521 P.2d 412, 
KERN v. STATE
Discussed

 
2008 OK CR 18, 188 P.3d 201, 
WORTHAM v. STATE
Discussed

 
2014 OK CR 4, 328 P.3d 1208, 
STATE v. FARTHING
Discussed

 
2015 OK CR 1, 341 P.3d 87, 
WHITAKER v. STATE
Discussed

 
1999 OK CR 35, 990 P.2d 894, 70 OBJ 2766, 
Hagar v. State
Discussed

Title 21. Crimes and Punishments

 
Cite
Name
Level

 
21 O.S. 540, 
Obstruction of Public Officer - Recording the Activity of an Officer in a Public Area
Cited

 
21 O.S. 801, 
Robbery or Attempted Robbery with Dangerous Weapon or Imitation Firearm - Punishment
Cited

 
21 O.S. 1287, 
Use of Firearm While Committing a Felony
Cited

Title 63. Public Health and Safety

 
Cite
Name
Level

 
63 O.S. 2-415, 
Applicability of Act - Unlawful Acts - Violations - Penalties
Cited

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA