MILLS v. STATE
2024 OK CR 22
Case Number: F-2023-469
Decided: 08/15/2024
JACQUELINE MARJONNIE MILLS, Appellant v. THE STATE OF OKLAHOMA, Appellee

Cite as: 2024 OK CR 22, __ __

 

SUMMARY OPINION

ROWLAND, PRESIDING JUDGE:

¶1 Appellant Jaqueline Marjonnie Mills, through counsel, appeals from the acceleration of her deferred sentence in Tulsa County District Court Case No. CF-2019-5868. Appellant entered a blind plea of guilty to Robbery with a Dangerous Weapon, in violation of 21 O.S.2011, § 80163 O.S.Supp.2019, § 2-41521 O.S.Supp.2012, § 128721 O.S.Supp.2015, § 540

¶2 Upon successful completion of the Women In Recovery program, Appellant was placed on a two year deferred sentence with the Department of Corrections until April 5, 2024.

¶3 The State filed an application to accelerate the judgment and sentence alleging Appellant committed the new crimes of felony murder first degree, use of a vehicle in the discharge of a weapon, and possession of a firearm while under the supervision of the Department of Corrections. After an acceleration hearing, Appellant's deferred sentence was accelerated and she was sentenced to life imprisonment on Count 1, twenty years imprisonment on Count 2, ten years imprisonment on Count 3, and one year in county jail on Count 5. All counts were ordered to run concurrently. Appellant appeals, raising the following propositions of error:

I. THE TRIAL COURT ABUSED ITS DISCRETION IN ACCELERATING MS. MILLS DEFERRED SENTENCE BECAUSE MS. MILLS WAS DENIED HER STATUTORY RIGHT TO AN EVIDENTIARY HEARING ON THE MERITS OF THE STATE'S APPLICATION TO ACCELERATE.

II. THE TRIAL COURT ABUSED ITS DISCRETION IN ACCELERATING MS. MILLS DEFERRED SENTENCE BECAUSE THE EVIDENCE RELIED UPON WAS INSUFFICIENT TO PROVE EACH ELEMENT OF THE ALLEGED OFFENSE.

¶4 The record in this case shows the State presented two pieces of evidence in support of its application to accelerate judgment and sentence. The first was the testimony of the Appellant, who was called as a witness by the State. The second was evidence presented at the preliminary hearing in Tulsa County District Court Case No. CF-2022-2673 held on May 7, 2023, before the Honorable Loretta Radford, Special Judge. At the acceleration hearing, the Honorable Dawn Moody, District Judge, took judicial notice of the preliminary hearing evidence over the defense's objection.

¶5 The Appellant testified she entered a plea of guilty in this case on April 6, 2022, and was placed on probation. She stated she was present for the preliminary hearing in CF-2022-2673, that she was the subject of the preliminary hearing, and that the alleged incident at issue in the preliminary hearing occurred in July 2022. No additional testimony was solicited by the State, and the defense did not cross-examine Appellant. All the additional evidence argued by the State in support of its application came from Judge Moody taking judicial notice of the preliminary hearing evidence.

¶6 A trial court's decision to accelerate a deferred sentence is reviewed for an abuse of discretion. Whitaker v. State, 2015 OK CR 1341 P.3d 87State v. Farthing, 2014 OK CR 4328 P.3d 1208

¶7 A presiding judge, during one hearing, cannot take judicial notice of evidence presented before him or her in another hearing, when the parties in the present hearing have not stipulated to that evidence. Linscome v. State, 1978 OK CR 95584 P.2d 1349Id., 1978 OK CR 95

¶8 This case is slightly different from Linscome because Judge Moody was not the presiding judge at the preliminary hearing in Case No. CF-2022-2673. The record shows she attended the preliminary hearing as a spectator, not in her capacity as a sitting judge. In the acceleration hearing, there was no stipulation between the parties to the preliminary hearing evidence. It was, in fact, the opposite. The Appellant strenuously objected to the trial court taking judicial notice of the preliminary hearing evidence on multiple grounds. Judge Moody indicated for the record that because she witnessed the preliminary hearing and reviewed the exhibits, she was able to consider all the evidence from the preliminary hearing in the acceleration hearing. We disagree. Without a stipulation by the parties, it was an abuse of discretion for Judge Moody to take judicial notice and consider any of the preliminary hearing evidence at the acceleration hearing.

¶9 So long as the defendant had an opportunity to cross-examine the witnesses, this Court has allowed the State to admit a transcript of a preliminary hearing at a revocation hearing and for the presiding judge to consider that evidence when deciding if there is sufficient, competent evidence to find a defendant has violated his or her probation. See Wortham v. State, 2008 OK CR 18188 P.3d 201

¶10 "[A]t an acceleration hearing, the court only makes a factual determination involving the existence of a violation of the terms of the deferred sentence." Hagar v. State, 1999 OK CR 35990 P.2d 894See Edwards v. State, 1987 OK CR 276747 P.2d 968See Kern v. State, 1974 OK CR 54521 P.2d 412

DECISION

¶11 The order of the District Court of Tulsa County accelerating Appellant's deferred judgment and sentence in Case No. CF-2019-5868 is REVERSED and VACATED. This matter is remanded to the Tulsa County District Court for further proceedings consistent with this opinion. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2024), the MANDATE is ORDERED issued upon delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY

THE HONORABLE DAWN MOODY, DISTRICT JUDGE

 

APPEARANCES AT ACCELERATION

KENDA MCINTOSH

ABIGAIL PINK

STILL SHE RISES, INC.

608 EAST 46TH ST. NORTH

TULSA, OK 74126

COUNSEL FOR DEFENDANT

KATIE KOLJACK

ASST. DISTRICT ATTORNEY

TULSA COUNTY COURTHOUSE

500 SOUTH DENVER

TULSA, OK 74103

COUNSEL FOR STATE

APPEARANCES ON APPEAL

ARIEL PARRY

APPELLATE DEFENSE COUNSEL

11 N. PETERS AVE., SUITE 100

NORMAN, OK 73069

COUNSEL FOR APPELLANT

GENTNER F. DRUMMOND

ATTY. GENERAL OF OKLAHOMA

JOSHUA R. FANELLI

ASST. ATTORNEY GENERAL

313 N.E. 21st

OKLAHOMA CITY, OK 73105

COUNSEL FOR APPELLEE

 

OPINION BY: ROWLAND, P.J.

MUSSEMAN, V.P.J.: Concur

LUMPKIN, J.: Specially Concur

LEWIS, J.: Concur

HUDSON, J.: Concur

 

 

LUMPKIN, JUDGE: SPECIALLY CONCURRING

¶1 I fully agree with the Court's opinion in this matter. Defendants in criminal cases are assured separate independent decisions in each matter filed against them unless the defendant agrees or stipulates to consolidate multiple pending matters into one proceeding. This means that when a defendant presents himself or herself before a judge in a separate proceeding that judge must preside over the matter without any preconceived opinions regarding the evidence that must be presented by the State to meet its burden of proof.

¶2 In this case the judge assigned to preside over Appellant's acceleration of sentence hearing observed, as a spectator, the Appellant's preliminary hearing in the matter which formed the basis of the State's motion to accelerate. The judge used her observations of the preliminary hearing to make her decision to accelerate Appellant's deferred sentence, calling her observations judicial notice. No transcript of the preliminary hearing was introduced as evidence in the acceleration hearing and Appellant contested the acceleration. The judge's action in this case denied Appellant due process and brings the integrity and independence of the judicial process into question.

¶3 Judges have a responsibility to render independent decisions based only on the evidence actually presented in any hearing over which they preside. That did not take place in this case. What a judge might observe as a spectator in one case does not meet the legal requirements for judicial notice in another case. There are three requisites which must be satisfied before a court can take judicial notice of a matter: "First, the matter must be one of common knowledge (although it does not have to be universally known); second, the matter must be settled beyond doubt if there is any uncertainty about the matter then evidence must be taken; and third, the knowledge must exist within the jurisdiction of the court." Linscome v. State, 1978 OK CR 95584 P.2d 1349Linscome and the trial court was obligated to take evidence on the matter.

¶4 Both the appearance of and the actual denial of due process infected this hearing. Reversal is required and I join in the court's decision.

 

 

 

 

 

<!--END DOCUMENT-->